Leon Steinhaus *v.* Samuel Steinhaus

Wynne, C. J., Baldwin, Daly, King and Murphy, Js.

Argued January 14—decided February 4, 1958

*George D. Stoughton,* for the appellant (defendant).

*Bertrand Quinto,* with whom, on the brief, were *Morton E. Cole, Cyril Cole* and *Jacob H. Channin,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff, who was injured while he was a passenger in an automobile owned by his brother, the defendant, began this action for negligence against his brother and Irving Haber, the driver of the automobile. The action as against Haber was withdrawn. The jury returned a verdict for the plaintiff. In this appeal from the judgment upon the verdict, the defendant assigns error in the denial of his motion to set aside the verdict, claiming that the evidence does not support it.

The plaintiff and the defendant were returning from Florida in the defendant's automobile. Haber was driving the car. They had stopped near Vero Beach, Florida, to buy some fruit. Preparatory to

resuming the journey, the plaintiff entered the rear seat through the right rear door. The defendant closed the door and got into the front seat beside the driver. They started off and had been on their way a short time when the right rear door began to rattle. The plaintiff was sitting close to the door because of the luggage in the rear seat. He saw that the door was not tightly closed. He shouted to those in the front seat to stop the car, and they told him to close the door. He grabbed the handle. Haber started to reduce the speed of the car, which had been traveling at the rate of fifty or more miles an hour. The car went over a bump in the road and the door swung open. It was hinged from the rear, and the strap which was designed to limit the arc in which it could swing was missing. The plaintiff clung to the door and injured his shoulder and arm seriously. The defendant claims that upon these facts no negligence on his part was proven.

The complaint, among other things, alleged in substance that the defendant was negligent because he failed to close the door properly. Failure to exercise due care is negligence. Whether there is such a failure must depend upon the circumstances of the particular case. *Borsoi* v. *Sparico,* 141 Conn. 366, 369, 106 A.2d 170. In a case such as this, the standard of due care, in the absence of some rule of conduct specifically prescribed by legislation, is that of the ordinarily prudent person under the circumstances. *Brown* v. *New Haven Taxicab Co.,* 93 Conn. 251, 254, 105 A. 706. The degree of care necessary to satisfy that standard may vary. *Matulis* v. *Gans,* 107 Conn. 562, 565, 141 A. 870, and cases cited. Whether the conduct under investigation shows the degree of care requisite to conform to the standard is left, in large part, to the discretion of the trier of

fact. *Drobish* v. *Petronzi,* 142 Conn. 385, 387, 114 A.2d 685. It is only when the conduct is palpably and plainly that of an ordinarily prudent man that a decision to the contrary by the trier can be overturned. *Skovronski* v. *Genovese,* 124 Conn. 482, 484, 200 A. 575; *Farrell* v. *Waterbury Horse R. Co.,* 60 Conn. 239, 249, 21 A. 675, 22 A. 544. In the instant case, the jury reasonably could have found that the defendant had failed to use the necessary degree of care in closing the door, knowing, as he must have known, that the plaintiff, by reason of the luggage in the back seat, was compelled to sit close to the door in a position of danger if it should open unexpectedly while the car was traveling at high speed. That the defendant failed to use due care in this respect was a fair inference from the distance the car had traveled when the door began to rattle and from the opening of the door when the car passed over the bump in the road. Ordinarily, a carefully closed automobile door does not rattle or open when the car is jarred. It is urged by the defendant that one of the tests for determining whether due care has, under the circumstances, been exercised is the foreseeability that harm may result from the want of it. This does not mean that the particular result which followed must have been reasonably foreseeable but rather that harm of the general nature of that suffered might have been anticipated. *Borsoi* v. *Sparico,* 141 Conn. 366, 369, 106 A.2d 170; *Orlo* v. *Connecticut Co.,* 128 Conn. 231, 237, 21 A.2d 402. Whether the injury to the plaintiff which might have been foreseen was by falling out of the car or by attempting to close the door when it became unlatched, something which the jury could find a person in the plaintiff's position would instinctively try to do, makes no difference. In either event the injury

would have constituted harm the general nature of which was reasonably foreseeable.

The trial court properly denied the motion to set aside the verdict.

There is no error.

In this opinion the other judges concurred.