LEROY HOWE *v.* JAMES F. NEAL ET AL.

WYNNE, C. J., BALDWIN, DALY, KING and MURPHY, Js.

Argued February 5—decided March 25, 1958

*Albert J. Callahan,* for the appellants (defendants Neal).

*Thaddeus W. Maliszewski,* for the appellee (plaintiff).

BALDWIN, J. The defendants James F. Neal, Jr., and Marjorie Neal have appealed from a judgment entered upon a verdict against them and two other defendants. They assign error in the denial of their motions to set aside the verdict and for judgment notwithstanding the verdict, in the court's charge, and in the finding.

We shall consider first the court's ruling on the motions. The jury could have found the following facts from the evidence, viewed in the light most favorable to the plaintiff. *Pierce* v. *Albanese,* 144 Conn. 241, 257, 129 A.2d 606. On March 1, 1955, shortly before 4 o'clock in the afternoon, James F. Neal, Jr., was operating a family car which was owned by him and Marjorie Neal and which he had authority to drive. Having emerged from a parking lot at the Pratt and Whitney Aircraft plant in East Hartford, he was proceeding, in a line of heavy

traffic, northerly on Mercer Avenue toward its intersection with Silver Lane. The traffic was starting and stopping pursuant to the directions of an officer at the intersection. The automobile of the defendant Landon McDonald was directly behind that of Neal. Following McDonald were the automobiles driven by the defendant Lionel Martel, the plaintiff and Lawrence Gengras, in that order. When Neal, who was proceeding at a moderate speed, along with the other cars in the line, was about 600 feet south of the intersection, he saw the cars in front of him coming to a stop, and he suddenly brought his automobile to a halt. McDonald, on Neal's admission, was following very closely. Nevertheless, Neal brought his car to a full stop at a distance of ten feet from the car in front of him. He gave no signal other than that afforded by the automatic brake lights on his car. His quick stop caused McDonald to stop suddenly also, but not until his car had crashed into the rear of the Neal car. The Martel car, which was following closely behind the McDonald car, came to a stop quickly enough to avoid striking the latter. The plaintiff, seeing the Martel car stopping, was able to avoid striking it, but Gengras, who was following the plaintiff, crashed into the rear of the plaintiff's car, forcing it forward into the Martel car, which in turn struck the rear of the McDonald car.

"In a case such as this, the standard of due care, in the absence of some rule of conduct specifically prescribed by legislation, is that of the ordinarily prudent person under the circumstances." *Steinhaus* v. *Steinhaus,* 145 Conn. 95, 97, 139 A.2d 55. "Whether the conduct under investigation shows the degree of care requisite to conform to the standard is left, in large part, to the discretion of the trier of fact." Ibid. The jury could have

found that the traffic was moving at a moderate speed and that Neal, without giving any warning by hand signal, stopped too suddenly, although there was a sufficient distance between his car and the one next ahead of him to allow a more gradual stop. A chain reaction of sudden stops was thus precipitated, and a series of rear-end collisions resulted. Under the circumstances, we cannot say that an inference of negligence proximately causing the plaintiff's injuries was improperly drawn by the jury. We are reviewing the action of the trial court to determine whether, upon the evidence printed in the appendices, it abused its discretion in denying the motions of the defendants Neal. The trial court saw the witnesses and heard the same testimony as the jury, and its concurrence with the verdict is strong support for the verdict's validity. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760; *Henry* v. *Bacon,* 143 Conn. 648, 651, 124 A.2d 913. The court did not err in denying the motions.

The defendants Neal assign error in the charge relating to the signal required by § 1072c of the 1953 Cumulative Supplement, then in force. They filed no request to charge on this point and took no exception to the charge given. They now claim·the benefit of the exception taken by the defendant McDonald in order to pursue an assigned error in the charge. The rule is specific in such matters in that it requires a written request to charge covering the matter or an exception "taken by the party appealing immediately after the charge is delivered." Practice Book § 153. In *Floyd* v. *Fruit Industries, Inc.,* 144 Conn. 659, 667, 136 A.2d 918, the principle enunciated in the rule was applied to an attempt by one party to rely upon an exception to a ruling upon evidence taken by another. Since no proper exception to the

charge was taken, we are unable to review this claim of error.

The errors claimed in the finding are immaterial because the purpose of the finding in the instant case was to test the charge, and that cannot be done for want of a proper exception. *State* v. *Pambianchi,* 139 Conn. 543, 548, 95 A.2d 695.

There is no error.

In this opinion the other judges concurred.