DAVID K. EBERSOLE, JR., Plaintiff Below, Appellant, and WILLIAM BECKER, Defendant Below, Appellant, v. MORTON LOWENGRUB, JOHN CLEMENTEE, HOWARD E. REESE and JEFFERSON JOHNSON and FRANK HARRIS, Defendants Below, Appellees.

464

*(April* 16, 1962.)

(Reargument denied April 30, 1962.)

SOUTHERLAND, Chief Justice, WOLCOTT, Justice, and STIFTEL, Judge, sitting.

*C. W. Berl, Jr.* (of Berl, Potter and Anderson) for Ebersole.

*F. Alton Tybout* (of Prickett, Prickett and Tybout) for Becker.

*David Snellenburg, II* (of Killoran and Van Brunt) for Lowengrub.

*Louis J. Finger* (of Richards, Layton and Finger) for Johnson.

*Frank J. Miller* (of Foulk, Walker, Miller and Wakefield) for Reese.

*Samuel R. Russell* (of Morford, Young and Conaway) for Clementee.

Supreme Court of the State of Delaware, No. 68, 1961.

WOLCOTT, J.:

This is an action for personal injuries and property damage brought by the appellant Ebersole against five defendants. The litigation arises from a series of rear-end collisions involving six automobiles. Following the filing of the complaint all of the appearing defendants cross-claimed against each other for contribution under the joint tortfeasor statute. All of the defendants with the exception of the appellant Becker moved for summary judgment against the plaintiff Ebersole.

The Superior Court granted summary judgment in favor of the defendants Lowengrub and Clementee and in favor of the defendants Reese and Johnson as to the personal injury claim against them, but left them in the action as defendants against the claim for property damage. An appeal was taken from the orders granting summary judgment by the plaintiff Ebersole and the defendant Becker.

The motions for summary judgment were based on the pleadings and on the deposition of the plaintiff Ebersole taken by the defendants. No other depositions were taken in support of the motions nor were any affidavits filed in support thereof. In so far as this appeal is concerned, therefore, the facts pertinent to the issue presented are those appearing from the deposition of the plaintiff Ebersole.

The plaintiff claims damages in the amount of $500.00 for injury to his automobile, and a further amount for personal injuries described as a traumatic myositis of the spinal erector muscles of the neck with torticollis, and for traumatic arthritis of the vertebrae of the neck and back and narrowing of the intervertebral disc spaces. Apparently, these injuries have resulted in past pain and will result in future pain, substantial medical and hospital expenses, and will leave the plaintiff with only limited motion of his legs, fingers and arms.

The facts of the accident are described by Ebersole as follows: On November 10, 1958 he was driving westerly in the left or fast lane of the Delaware Memorial Bridge which, at that point, consists of two westbound lanes. The traffic at that time and place was heavy in both westbound lanes, leaving no opportunity for cars to weave in and out. The traffic generally was proceeding at an approximate speed of 35 to 40 miles per hour through an area in which the posted speed limit was 45 miles per hour. Ebersole's speed at this time was that of the other moving traffic. At the time Ebersole was driving about three car lengths behind the car in front of him.

The first car in the procession of six cars involved in this accident was that of Lowengrub. For some reason not clear from Ebersole's deposition, but which Ebersole believes to be the slowing down of the car immediately preceding the Lowengrub car, the Lowengrub car came to a stop. Ebersole believes that possibly the Lowengrub car actually struck the car in front of it, but this car, following whatever happened, proceeded on across the bridge and remains unidentified.

When the Lowengrub car came to a stop the Clementee car, the second car in line, made an emergency stop, warning of which was given to Ebersole, driving the third car in line, by the flashing of its stop lights. Ebersole immediately made an emergency stop himself by applying his brakes with all his force. Ebersole traveled about two car lengths and would

have stopped in time to avoid running into the Clementee car but for the fact that the Becker car, the fourth car in line, struck his car in the rear, pushing it into the rear of the Clementee car, bringing both the Ebersole and the Becker cars to complete stops. Immediately, Ebersole turned in his seat to look behind him, at which point the Reese car, the fifth car in line, struck the rear of the Becker car pushing it against the Ebersole car. Almost immediately thereafter, the Johnson car, the sixth car in line, struck the rear of the Reese car in turn pushing it into the Becker car and the Becker car into the Ebersole car.

Ebersole stated in his deposition that the most severe impact was that caused his car by the Becker car driving it into the Clementee car. The impacts caused by the collision of the Reese and Johnson cars were not as severe, but are stated by Ebersole to have jarred him definitely.

Ebersole attributed his injuries primarily to the impact of the Becker car driving his car into the Clementee car, but it seems apparent from his deposition that he so attributes this solely because this impact was the most severe of the series. Ebersole states that the Becker car struck the hardest blow, although he refers in his deposition to the effect of the collisions of the Reese and Johnson cars as "successive blows" and "successive impacts".

On the basis of this state of facts, the Superior Court granted the motions of Lowengrub and Clementee for summary judgment on the ground that, assuming negligence on their part, it was clear that such negligence was not "the proximate cause of plaintiff's damages, but was remote." The court also stated that if any evidence existed conflicting with the conclusion as to proximate cause, it was the duty of the plaintiff to bring it into the record in order to avoid the granting of summary judgment.

With respect to the motions for summary judgment in favor of Reese and Johnson, the court entered summary judg-

ment in their favor as to the claim for personal injuries because the "plaintiff's own testimony shows that his physical injuries were caused by the first impact"—that is, the collision of the Becker car. The court further stated that, in view of this, the obligation rested upon Ebersole to bring into the record some evidence which would create a material issue of fact upon this question for submission to the jury.

Summary judgment was entered in this case even though the action is based on the alleged negligence of the defendants. Generally speaking, issues of negligence are not susceptible of summary adjudication. It is only when the moving party establishes the absence of a genuine issue of any material fact respecting negligence that summary judgment may be entered. *Lightburn v. Delaware Power & Light Co., Del. Super.*, 167 *A.* 2d 64. Similarly, questions of proximate cause except in rare cases are questions of fact ordinarily to be submitted to the jury for decision. *Island Express, Inc. v. Frederick*, 5 *W. W. Harr.* 569, 171 *A.* 181; *Hickman v. Parag, Del.*, 167 *A.* 2d 225.

Accordingly, only when the absence of an issue of any material fact relating to the question of negligence or proximate cause is shown may summary judgment be granted on motion of a defendant. A moving defendant always has the burden of producing evidence of necessary certitude negating the plaintiff's claim. Only when this has been accomplished does the burden on a motion for summary judgment shift to the plaintiff to produce evidence to show that there is a genuine issue of material fact. 6 *Moore's Federal Practice*, ¶56.15 [3]; 3 *Federal Practice and Procedure* (Barron & Holtzoff), § 12.35.

Under no circumstances, however, will summary judgment be granted when, from the evidence produced, there is a reasonable indication that a material fact is in dispute. Nor will summary judgment be granted if, upon an examination of all the facts, it seems desirable to inquire thoroughly

*into* them in order to clarify the application of the law to the circumstances. *Knapp v. Kinsey*, 6 *Cir.*, 249 *F.* 2d 797.

Since the trial judge granted summary judgment to some of the defendants in this action the question presented to us on appeal is, therefore, whether or not the evidence produced before him discharged the burden placed upon the moving parties to demonstrate to a reasonable certitude that there was no issue of fact which, resolved in favor of the plaintiff, would have held the moving defendants liable to him on his claim. As we have pointed out, the only evidence produced in support of the motions consists of the deposition of the plaintiff, himself.

With respect to the defendant Lowengrub, it appears from the plaintiff's deposition that for some reason Lowengrub came to a stop in the west lane of travel on the Delaware Memorial Bridge. What led to this stop by Lowengrub is unknown to the plaintiff. It is at least not unreasonable to infer from the unexplained stop that Lowengrub was negligent in bringing his car to a stop since an unexplained stop on a bridge in a line of traffic is a violation of a statutorily imposed stardard of due care. 21 *Del. C.* § 4112. At least, if he was not negligent in stopping, it was incumbent upon him to explain the circumstances which remove his act from a negligent one to a non-negligent one. We think, therefore, that with respect to Lowengrub in the present state of the record there is a material issue of fact unresolved, viz., his negligence.

To be sure, the trial judge assumed negligence on the part of Lowengrub but held that such negligence was a remote and not a proximate cause of the plaintiff's injuries.

For some reason unexplained in this record, however, it seems apparent that Lowengrub created a state of emergency resulting in a multiple car collision. If, therefore, his creation of the state of emergency was negligent, we think the jury could find that such negligence was a proximate cause

of the collisions resulting from the condition negligently created by him. *Howe v. Neal*, 145 *Conn.* 187, 140 *A.* 2d 318. We say this even though Ebersole makes it clear that he had his car under control and would have brought it to a stop prior to running into the rear of Clementee's car but for the additional propulsion caused by the impact of Becker's car. Quite obviously, there would have been no series of rear-end collisions absent the stopping of Lowengrub's car creating an emergency condition. If, therefore, Lowengrub was negligent in bringing his car to a stop, then we think it plain that a jury could find that that negligence was one of concurring proximate causes of the injuries.

■ With respect to the defendant Celmentee, a similar unresolved issue of material fact exists. The only thing shown in the present record with respect to him is that he tried to bring his car to a sudden stop but was unable to do so without running into the preceding car driven by Lowengrub. There is nothing in the record to explain why it was that Clementee was unable to bring his car to a more gradual stop without colliding with the car in front. At least one reasonable inference from the circumstance is that he possibly was following too closely the Lowengrub car in violation of the statute to that effect, 21 *Del. C.* § 4135, and that this negligent act on his part prevented him from bringing his car to a safe stop at a point which would have avoided the subsequent collision between the plaintiff's car and the Clementee car. This inference which we think not unreasonable is not explained away or negated by the evidence. If there is an explanation in favor of Clementee, it was incumbent upon him in moving for summary judgment to produce that explanation.

Consequently, we are of the opinion that with respect to Lowengrub and Clementee summary judgment was improperly entered in their favor. We say this because the record fails to justify what, on its face, is an unexplained stoppage

on a bridge in a relatively fast-moving line of traffic creating a state of emergency which resulted in the multiple collisions involved in this litigation.

With respect to the defendants Reese and Johnson, in whose favor summary judgment was entered with respect to the claim asserted against them for the personal injuries of the plaintiff, we are likewise of the opinion that summary judgment was improperly entered in their favor in this respect.

Since these two defendants are the moving parties, it is incumbent upon them, as it was incumbent upon Lowengrub and Clementee, to demonstrate to a certitude that no act of theirs contributed to the personal injuries of the plaintiff.

We do not read the deposition of the plaintiff in the same light as Reese and Johnson read it. They base their claim to be absolved from liability for personal injury upon the statement of the plaintiff in his deposition that he considered his injuries to be the result of the first impact—that is, the collision of the Becker car with the plaintiff's car, driving it into the Clementee car. It is true that the plaintiff testified the first impact was the most severe, and that he attributed his injuries primarily to it. He testified further, however, that both the impact of the Reese car and the impact of the Johnson car definitely jarred him.

We cannot say from this record that the subsequent jarring of the plaintiff at a time when we was turning in his seat to look behind him did not contribute to his injuries. The plaintiff may, of course, testify as to his opinion of his injuries, but we do not think his deposition rules out the possibility that the subsequent impacts might have contributed to them. Whether or not these subsequent impacts contributed, or may have contributed, to the personal injuries is, we think, a proper subject for expert medical testimony, if the plaintiff desires to produce it, in addition to and in support of his own

testimony for the consideration of the jury. We are, therefore, of the opinion that with respect to the impact of the Reese and Johnson cars having contributed to the personal injuries of the plaintiff, a genuine issue of material fact remains unresolved.

This series of rear-end collisions obviously took place within a matter of seconds, or, even possibly, fractions of a second. Under the circumstances, we think the entire series may be likened to a chain reaction set off initially by a presently unresolved cause. The case is, therefore, one, we think, to be resolved as a whole by a jury unless, of course, at trial further evidence is produced which clearly absolves one or more of the defendants from any liability to the plaintiff.

The judgments below are reversed.