**SUPERIOR COURT**
OF THE
**STATE OF DELAWARE**

VIVIAN L. MEDINILLA
JUDGE

NEW CASTLE COUNTY COURTHOUSE
500 NORTH KING STREET, SUITE 10400
WILMINGTON, DE 19801-3733
TELEPHONE (302) 255-0626

January 12, 2016

Gary S. Nitsche, Esquire
Weik, Nitsche & Dougherty
305 N. Union Street, 2nd Floor
P.O. Box 2324
Wilmington, DE 19899

Scott L. Silar, Esquire
Reger Rizzo & Darnall LLP
Brandywine Plaza East
1523 Concord Pike, Suite 200
Wilmington, DE 19803

Re:    *Austin C. McLain v. James C. Shockley and Lucky 7 Restaurant*
C. A. No. N13C-02-139 VLM

Dear Counsel:

Upon the inquiry made by defense counsel, and as a follow-up to the bench ruling made on January 8, 2016, on Defendant's Motion for Summary Judgment, this is the Court's written decision.

## Facts and Procedural History

On February 18, 2013, Austin McLain ("Plantiff") filed a complaint against Defendant Lucky 7 Restaurant ("Defendant"), seeking damages for personal injury and asserting causes of action under both the doctrine of *respondeat superior* and a theory of negligence. The causes of action arose from an altercation that occurred on November 9, 2011, wherein Plaintiff alleges that a bouncer ("Shockley"),[1] employed by Defendant, assaulted Plaintiff immediately after he exited Defendant's establishment.

Defendant moved for summary judgment against Plaintiff under Delaware Rule of Civil Procedure 56. This Court considers whether Defendant is entitled to summary judgment on Plaintiff's claims for causes of action under the doctrine of *respondeat superior* and a theory of negligence. Following

---

[1] Plaintiff obtained a default judgment against this individual defendant.

written submissions and oral arguments, this Court finds that dismissal is not appropriate and Defendant's Motion must be **DENIED**.

## Standard of Review

When deciding a motion for summary judgment under Rule 56, summary judgment may only be granted where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.[2] Summary judgment will not be granted if there is a material fact in dispute or if "it seems desirable to inquire thoroughly into [the facts] to clarify the application of the law to the circumstances."[3] In considering the motion, "[a]ll facts and reasonable inferences must be considered in a light most favorable to the non-moving party."[4]

## *Respondeat Superior*

Defendant first argues that there is no dispute as to facts that would allow this Court to find Defendant liable to Plaintiff under the doctrine of *respondeat superior*. Under Delaware law, an employer will be liable for the tortuous acts of an employee under *respondeat superior* if those acts are performed within the scope of employment.[5] Conduct is within the scope of employment if it (i) is of the type the employee was hired to perform; (ii) takes place within the authorized time and space limits; and (iii) is at least partially motivated by a purpose to serve the employer.[6] The question of whether conduct is within the scope of employment is usually a close and difficult question.[7] "[It is] not for the decision of the judge as a matter of law, but [is a question] to be determined by the jury, a cross-section of the public especially adapted to judge the actions of people in the light of what is reasonable.[8] In other words, it is generally a question for the jury, unless the facts are so clear that they must be decided as a matter of law.[9]

Here, the record establishes that Shockley was employed as a bouncer for Defendant before and after this altercation. Witnesses saw more than two, and

---

[2] Super Ct. Civ. R. 56(c).
[3] *Ebersole v. Lowengrub*, 180 A.2d 467, 469 (Del. 1962).
[4] *Nutt v. A.C. & S. Co., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986).
[5] *Drainer v. Garrett*, 1995 WL 338700, at *11 (Del. Super. 1995).
[6] *Draper v. Olivere Paving & Construction Co.*, 181 A.2d 565, 570 (Del. 1962).
[7] *Doe v. State*, 76 A.3d 774, 776 (Del. 2013).
[8] *Id.* (citing *Draper*, 181 A.2d at 571).
[9] *Draper*, 181 A.2d at 570.

2

possibly up to four, bouncers involved in an incident inside the establishment when Plaintiff was either voluntarily or involuntarily forced outside.[10]  Although more than two bouncers were witnessed in the initial incident inside the establishment, employment records show that only two bouncers were on the payroll.  While the security manager testified that Shockley had been terminated one month earlier, he stated that he directed Shockley to go home instead of calling law enforcement after the assault.  Further, there are no records confirming that Defendant terminated Shockley's employment and evidence that he was employed by Defendant after the altercation.

There is a dispute as to whether Shockley was acting within the scope of his employment at the time of the altercation with Plaintiff.  Even if not on the payroll that night, since a jury could also determine that Shockley was acting as a bouncer or assisting other bouncers in his capacity, there is a genuine issue of material fact as to whether Shockley was acting on behalf of Defendant under an agency theory.  As such, Defendant is not entitled to summary judgment on Plaintiff's claim for a cause of action under the doctrine of *respondeat superior*.

## *Negligence*

Defendant secondly argues that because the altercation occurred in the parking lot, Defendant cannot be liable under a theory of negligence.  Specifically, Defendant asserts that it had no duty to monitor, guard, and/or patrol the parking lot area because Defendant's lease with its Landlord expressly provides that the parking lot was under the exclusive control and management of the Landlord.

In Delaware, it is well-settled law that business owners have a duty to exercise reasonable care to protect patrons from foreseeable danger.[11]  Those patrons, known as business invitees, are defined as persons who are invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of land.[12]

Here, while the parties agree that an incident began inside Defendant's establishment, they disagree as to whether these acts continued to "spill over"

---

[10] Plaintiff alleges that, while in the establishment, Defendant's employees put Plaintiff in a headlock and pinned him down.  He alleges that bouncers then forcefully removed Plaintiff from the bar while a group of approximately 30 people were following him and yelling threats of physical violence.
[11] *McCutchin v. Banning*, 2010 WL 23712, at *2 (Del. Super. 2010).
[12] *Durham v. Leduc*, 782 A.2d 263 (Del. 2001).

into another area outside of the establishment. Plaintiff alleges that because the altercation began in Defendant's establishment, Defendant owed a duty to Plaintiff to see to it that he safely exited the premises. Notably, Defendant's security manager identified that the location of the altercation was right outside Defendant's exit doors; the record remains unclear if the altercation occurred there or in another area of the parking lot that may also have been under the control of Defendant as a possessor of land.

This Court finds that there exists genuine issues of material fact, including: whether the altercation was a continuation of the incident that began in Defendant's establishment; where the altercation actually occurred; and whether Defendant's conduct that directed Plaintiff outside to the parking lot, or its exit doors, implicates its duty to exercise reasonable care in this case. As a result, Defendant is also not entitled to summary judgment on Plaintiff's claim for a cause of action under negligence.

**IT IS SO ORDERED**.

Sincerely,

Vivian L. Medinilla
Judge

VLM: sj

cc:     Prothonotary

4