# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| Sandra Denise Lawton, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N12C-07-008 JRJ |
| | ) | |
| Cox Auto Group, Inc., et al., | ) | |
| Defendants/Third-Party Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Bianca Blackstock, et al., | ) | |
| Third-Party Defendants. | ) | |

## ORDER

**AND NOW TO WIT**, this 11th day of February, 2016, the Court having duly considered Third-Party Defendant Bianca Blackstock's Motion for Summary Judgment; Defendants Cox Auto Group, Inc. and HCAC, LLC's Response to Third-Party Defendant Bianca Blackstock's Motion for Summary Judgment; and Third-Party Defendant Bianca Blackstock's Reply Motion for Summary Judgment;

**IT APPEARS THAT:**

1. This action arises from a single vehicle automobile accident on July 3, 2010.[1] After purchasing a 2001 Ford Explorer from Defendants Cox Auto Group, Inc. and HCAC, LLC ("Defendants") on July 2, 2010, Plaintiff Hermaine Jackson ("Plaintiff Jackson") took the vehicle on a trip from Delaware to

---

[1] Complaint ("Compl.") (Trans. ID. 45120443).

South Carolina.[2]  Accompanying Plaintiff Jackson were Bianca Blackstock ("Blackstock") and Plaintiffs Sandra Denise Lawton, Devon Isiah Lawton, Shaelise Thybulle, and Malachi Jackson.[3]  Plaintiff Jackson drove for the majority of the trip but, upon entering South Carolina, permitted Blackstock to drive the vehicle.[4]  While Blackstock was operating the vehicle, the left rear tire failed, and Blackstock lost control of the vehicle and exited the roadway.[5]  The vehicle overturned, resulting in serious personal injuries to Plaintiffs.[6]

2.  On July 2, 2012, Plaintiffs filed a Complaint against the Defendants alleging that Defendants breached: (a) the implied warranty of merchantability under 6 *Del. C.* § 2314; (b) the implied warranty of fitness for a particular purpose under 6 *Del. C.* § 2315; and (c) all express warranties under 6 *Del. C.* § 2313. These allegations stem from the Defendants' sale of the 2001 Ford Explorer to Plaintiff Jackson.

3.  Defendants filed a Third-Party Complaint against Blackstock alleging that Blackstock's negligence caused the accident.  Defendants assert that Blackstock: (a) operated a motor vehicle in a careless or imprudent manner without

---

[2] *Id.* ¶¶ 8–10.
[3] *Id.* ¶ 10.
[4] *Id.* Defendants Cox Auto Group, Inc. and HCAC, LLC's Response to Third-Party Defendant Bianca Blackstock's Motion for Summary Judgment, Ex. A Bianca Blackstock Deposition at 7–10 ("Blackstock Dep.") (Trans. ID 57585349).
[5] Compl. ¶ 11; Blackstock Dep. at 12–14.
[6] Compl. ¶ 11; Blackstock Dep. at 12–14.

2

due regard for road, weather or traffic conditions then existing; (b) failed to give full time and attention to the operation of her motor vehicle and failed to keep a proper lookout; (c) failed to exercise reasonable care in the operation of a motor vehicle; (d) operated a vehicle at such a speed so as to not be capable of controlling it upon the roadway; and (e) was otherwise negligent as may be found throughout the discovery process.[7]

4. On a motion for summary judgment all facts must be viewed in the light most favorable to the non-moving party, and the moving party must establish that there are no genuine issues of material fact in dispute and that he is entitled to judgment as a matter of law.[8] Generally, issues of negligence are not susceptible of summary adjudication.[9] "Therefore, a court can grant a plaintiff's motion for judgment as a matter of law only where the facts are so clear and undisputed as to allow the jury only one reasonable conclusion in favor of the plaintiff."[10]

5. Blackstock maintains that she is entitled to summary judgment because there is no evidence in the record that she was negligent.[11] Blackstock argues that she had a valid New York driver's license, had no reason to believe the vehicle

---

[7] Defendants Cox Auto Group, Inc. and HCAC, LLC's Answer to the Complaint with Affirmative Defenses, Counterclaim Against Hermaine Jackson and Third-Party Complaint Against Bianca Blackstock ¶¶ 71–72. (Trans. ID. 46726781).

[8] Super. Ct. Civ. R. 56; *Kold, LLC v. Croman*, 2014 WL 7008431, at *2 (Del. Super. 2014).

[9] *Manerchia v. Kirkwood Fitness & Racquetball Clubs, Inc.*, 2010 WL 1114927, at *2 (Del. 2010) (TABLE); *Ebersole v. Lowengrub*, 180 A.2d 467, 469 (1962).

[10] *Samson v. Somerville*, 2006 WL 686586, at *1 (Del. 2006) (TABLE).

[11] Third-Party Defendant Bianca Blackstock's Motion for Summary Judgment at ¶ 4 (Trans. ID. 57402207).

was unsafe, and neither the investigating officer nor the other occupants of the vehicle have testified that Blackstock was speeding or not paying attention.[12]

6.   Blackstock testified that her family was taking a long trip to South Carolina and that she had been awake for most of the trip.[13]  Prior to the accident, Blackstock had been driving for about an hour while all of the vehicle occupants were sleeping.[14]  Defendants point to evidence in the record that Blackstock was an inexperienced driver who drove infrequently, was driving a vehicle that she had never driven before, was driving 70 miles per hour, and does not remember if she had two hands on the steering wheel at the time of the accident.[15]  Viewing the facts in the light most favorable to Defendants, there are genuine issues of material fact in dispute as to whether Blackstock was negligent and whether her negligence was a proximate cause of the accident.

**WHEREFORE,** Third-Party Defendant Bianca Blackstock's Motion for Summary Judgment is **DENIED.**

**IT IS SO ORDERED.**

_____
Jan R. Jurden, President Judge

---

[12] *Id.*
[13] Blackstock Dep. at 7–9.
[14] *Id.* at 7–10.
[15] *Id.* at 7, 20, 28–34, 45–47, 55–56, 62.

4