## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| CNH INDUSTRIAL AMERICA LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N12C-07-108 EMD CCLD |
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA, *et al.*, | ) ) ) ) | TRIAL BY JURY OF TWELVE DEMANDED |
| Defendants. | ) ) | |

Submitted: March 15, 2016
Decided: September 21, 2016

*Upon Plaintiff CNH Industrial America LLC's Supplemental Motion for Partial Summary Judgment Against Travelers Regarding Exhaustion*
***POLICIES EXHAUSTED***

Brian M. Rostocki, Esquire, and John C. Cordrey, Esquire, Reed Smith LLP, Wilmington, Delaware and James M. Davis, Esquire, Thomas A. Marrinson, Esquire, Evan T. Knott, Esquire, and Emily E. Garrison, Esquire, Reed Smith LLP, Chicago, Illinois. *Attorneys for CNH Industrial America LLC*.

Neal J. Levitsky, Esquire, and Seth A. Niederman, Esquire, Fox Rothschild LLP, Wilmington, Delaware and Richard L. McConnell, Esquire, and Dale E. Hausman, Esquire, Wiley Rein LLP, Washington, DC. *Attorneys for Travelers Indemnity Company*.

**DAVIS, J.**

### INTRODUCTION AND PROCEDURAL HISTORY

This is a Complex Commercial Litigation Division case. Plaintiff CNH Industrial America LLC ("CNH") filed a declaratory relief and breach of contract case against several insurance companies, including Travelers Indemnity Company ("Travelers"). CNH's complaint alleges Travelers breached its duty to defend CNH in underlying asbestos-related lawsuits filed against CNH.

The parties filed numerous summary judgment motions related to Travelers's duties. On October 7, 2014, CNH filed Plaintiff CNH Industrial America LLC's Motion for Partial Summary Judgment Against Travelers Regarding Exhaustion.

On May 18, 2015, the Court held oral argument on CNH's motions, and made several bench rulings. On June 8, 2015, the Court issued two orders memorializing its bench rulings. First, the Court held that Wisconsin law applied to the policies.[1] Second, the Court held that CNH was the policies' proper assignee under 1994 reorganization agreements.[2]

On July 6, 2015, prior to the Court's written decisions on the remaining issues, Travelers filed a letter with the Court.[3] In it, Travelers outlined its pending $1.6 million payment to CNH for indemnity and defense costs.[4] Travelers paid $600,000 as indemnity for CNH's prior settlements.[5] Travelers calculated its indemnity payments by taking six underlying cases CNH tendered in 2008–09, and spreading the remaining policy limits amongst them.[6] Further, Travelers paid $1.0 million for all substantiated, post-tender defense costs CNH allegedly incurred through May 18, 2009.[7] Travelers contends that the payment fully exhausted the policies' remaining limits.[8]

On July 9, 2015, CNH replied.[9] CNH disagreed with Travelers' position, arguing the payments did not impact or influence the pending motions.[10]

---

[1] *CNH Industrial America LLC v. American Casualty Company of Reading, Pennsylvania, et al.,* 2015 WL 3863225, at *2 (Del. Super. Jun. 8, 2015) (ORDER).
[2] *CNH Industrial America LLC v. American Casualty Company of Reading, Pennsylvania, et al.,* 2015 WL 4538120, at *2 (Del. Super. Jun. 8, 2015) (ORDER).
[3] Letter to the Honorable Eric M. Davis from Neal J. Levitsky, Esquire regarding developments related to the Court's recent rulings on choice of law and assignment and pending summary judgment motion, July 6, 2015 ("Levitsky Letter").
[4] *Id.* at *3–4.
[5] *Id.*
[6] *Id.*
[7] *Id.* at *4.
[8] *Id.*
[9] Letter to Judge Davis from John C. Cordrey, Esquire re: CNH's response to Travelers July 6, 2015 correspondence.

On August 21, 2015, the Court issued a series of opinions. The Court partially granted CNH's motion for summary judgment on exhaustion, holding all but three policies were fully exhausted.[11] Further, the Court stated:

> The July 6 letter provided the Court with new and material information about the issue of exhaustion of the J.I. Case Policy, the 1/1/78–9/1/78 Tenneco Policy, and the 9/1/85–9/1/86 Tenneco Policy. The impact of the July 6 letter, [and] the July 9 Letter . . . must be considered. . . . As such, the parties shall provide additional briefing to the Court on the issue of exhaustion, taking into consideration the Court's rulings and the July 6 letter.[12]

On December 23, 2015, CNH filed Plaintiff's Supplemental Brief in Support of Its Motions for Summary Judgment. On February 26, 2016, Travelers filed its Supplemental Brief of Defendant The Travelers Indemnity Company in Further Response to Plaintiff's Motion for Partial Summary Judgment on Exhaustion. On March 4, 2016, CNH filed Plaintiff CNH Industrial America LLC's Supplemental Reply Brief in Support of its Motion for Partial Summary Judgment Regarding Exhaustion. The Court heard oral argument on March 15, 2016.

**LEGAL STANDARD**

In a motion for summary judgment, the Court examines the record in a light most favorable to a non-moving party to determine whether genuine issues of material fact exist.[13] If there are no genuine issues of material fact, then the moving party is entitled to judgment as a matter of law.[14] If, however, the record reveals that material facts are in dispute, or if the factual

---

[10] *Id.* at *2–3.

[11] *CNH Industrial America LLC v. American Casualty Company of Reading, Pennsylvania, et al.*, 2015 WL 5016261 (Del. Super. Aug. 21, 2015).

[12] *Id.* at *3.

[13] *Merrill v. Crothall-Am. Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).

[14] *Merrill,* 606 A.2d at 99-100; *Dorr-Oliver*, 312 A.2d at 325.

3

record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[15]

## DISCUSSION

On July 6, 2015, in light of the Court's bench rulings, Travelers filed a letter with the Court, advising it paid CNH approximately $1.6 million. Defendant paid approximately $600,000 in indemnity, and approximately $1.0 million in defense costs up to the date of the last settlement.[16] Travelers argues that this fully exhausts the policies as of the date of CNH's last settlement.

Travelers contends its July 2015 payments fully discharged its obligations as of May 2009. Travelers claims its reimbursement complies with its policies' terms. Travelers' policies all contain identical language regarding exhaustion. The language states:

> [Travelers] will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this policy applies[.] . . . [Travelers] shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.[17]

Travelers cites cases arguing the party which makes payment under the insurance policy is irrelevant for exhaustion purposes. That is, CNH's payments terminated Travelers' duty to defend.

In *Teigen v. Jelco of Wisconsin, Inc.*,[18] Plaintiffs agreed to take less than the full policy value to settle their case against their primary insurer.[19] This agreement is called a *Loy* release.[20] Per the *Loy* release's terms, Plaintiffs had to give their excess carriers credit for the full primary

---

[15] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).
[16] Levitsky Letter, at *3–4.
[17] Exhibits 95, 97 and 98 to Affidavit of Diane Scialabba in Supp. of Op. Br. in Support of Pl.'s Mot. for Partial Summary Judgment on Exhaustion (Tr. ID 56154569).
[18] 367 N.W.2d 806 (Wis. 1985).
[19] *Id.* at 808.
[20] *See Loy v. Bunderson,* 320 N.W.2d 175 (Wis. 1982).

4

policy exhaustion, not the settlement amount.[21] CNH did not enter into a *Loy* agreement with any party.

Travelers's other cited cases involve the question of when excess coverage is triggered.[22] None involved a question of when a primary policy is exhausted and/or whether payments made by the insurer to insured after the insured has paid a judgment or settlement relates back to the time when the insured made the payment. In this instance, Travelers is CNH's primary insurer and not CNH's excess insurer, and CNH and not Travelers made the initial payment to resolve the claim.

The cases cited by CNH are similarly unhelpful. CNH wants the Court to adopt an approach to exhaustion which mirrors that used in non-insurance policy cases involving mortgages or where a judgment has been entered and the judgment debtor does not get to choose how to apply the payments on the judgment (principal, interest, etc.).[23] In addition, CNH relies on cases regarding horizontal versus vertical application of proceeds. However, these cases are factually distinct and address application of proceeds over policies held by various insurers which overlap as to indemnification.[24] Moreover, Travelers is not seeking a *pro rata* application of indemnification payments. Travelers has tendered to CNH approximately $600,000 which constitutes the remaining policy limits of liability owed under each of the relevant insurance policies.

---

[21] *Teigen,* 367 N.W.2d at 808.

[22] *Ali v. Fed. Ins. Co.,* 719 F.3d 83, 92 (2nd Cir. 2013); *Trinity Homes LLC v. Ohio Cas. Ins. Co.,* 629 F.3d 653, 658 (7th Cir. 2010); *Mills Ltd. P'ship v. Liberty Mut. Ins. Co.,* 2010 WL 8250837 (Del. Super. Nov. 5, 2010); *Plantation Pipe Line Co. v. Highlands Ins. Co.,* 444 S.W.3d 307, 313 (Tex. App. 2014).

[23] *See, e.g., Estreen v. Bluhm*, 255 N.W.2d 473 (Wis. 1977)(mortgage); *Estate of Carpenter v. Dinneen*, C.A. No. 1804—VCP, 2008 WL 859309 (Del. Ch. March 26, 2008)(application of restitution payment to principal in case involving misappropriation of funds).

[24] *See, e.g., Westport Ins. Corp. v. Appleton Papers, Inc.*, 787 N.W.2d 894 (Wis. App. 2010)(using language of the policies to reject a *pro rata* application and using, instead, a vertical exhaustion of the "tower" of coverage).

The Court will, instead, take a straight forward approach to this issue and apply the language of the policies. Under Wisconsin law, an insurer's obligations are fully discharged after it pays the maximum amount under the policy.[25] The policies all contain the same language:

> [Travelers] will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this policy applies[.] . . . [Travelers] shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of [Travelers'] liability has been exhausted by payment of judgments or settlements.[26]

The language of these policies clearly provides that Travelers shall not be obligated to pay any additional claim or judgment or to defend any suit *after* Travelers exhausts the applicable limit of liability. The language is straightforward and requires Travelers, and not the insured, to make the payment on any claim or judgment before Travelers' obligations terminate due to exhaustion of policy limits. Travelers cannot, under the terms of the policies, retroactively exhaust its policies. The policies were exhausted as of the date Travelers made its payment, not the date CNH did.[27] Travelers made payments that exhausted the applicable limit of liability on or about July 6, 2015 and not May 2009. Accordingly, the terms of the applicable policies excuse Travelers from any further payments that CNH contends are owed under the policies after July 6, 2015.

This decision does not address the amounts Travelers may owe for defense costs incurred by CNH prior to July 6, 2015. The Court will address this remaining issue at a hearing schedule among the parties on October 17, 2016 at 9:30 a.m. (Eastern).

---

[25] *St. John's Home of Milwaukee v. Continental Cas. Co.,* 434 N.W.2d 112, 120–121 (Wis. Ct. App. 1988).

[26] Exhibits 95, 97 and 98 to Affidavit of Diane Scialabba in Supp. of Op. Br. in Support of Pl.'s Mot. for Partial Summary Judgment on Exhaustion (Tr. ID 56154569).

[27] The Court has not been presented with any argument that the remaining limits of liability under the policies exceeded $600,000. As such, the Court has treated this fact as an uncontested issue of material fact for purposes of summary judgment.

**CONCLUSION**

For the foregoing reasons, the Court holds that the policies were exhausted as a matter of law as of July 6, 2015.

**IT IS SO ORDERED.**

/s/ *Eric M. Davis*
Eric M. Davis, Judge