# IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PHOENIX MANAGEMENT TRUST | ) | |
| (PRIVATE IRREVOCABLE TRUST | ) | |
| SECURE PARTY: BETHLEHEM | ) | |
| MANAGEMENT TRUST (PRIVATE | ) | |
| IRREVOCABLE TRUST) | ) | |
| OPERATING BUSINESS TRUST | ) | C.A. No.: 2018-0192-MTZ |
|     Plaintiff, | ) | |
| | ) | |
|    v. | ) | |
| | ) | |
| WINSOUTH CREDIT UNION | ) | |
|     Defendant. | ) | |

## AND

| | | |
|---|---|---|
| PHOENIX MANAGEMENT TRUST | ) | |
| (PRIVATE IRREVOCABLE TRUST | ) | |
| SECURE PARTY: BETHLEHEM | ) | |
| MANAGEMENT TRUST (PRIVATE | ) | |
| IRREVOCABLE TRUST) | ) | |
| OPERATING BUSINESS TRUST | ) | C.A. No.: 2018-0194-MTZ |
|     Plaintiff, | ) | |
| | ) | |
|    v. | ) | |
| | ) | |
| COMPASS/BBVA | ) | |
|     Defendant. | ) | |

## MASTER'S REPORT

Submitted:  May 28, 2018
Draft Report:  June 1, 2018
Final Report: June 19, 2018

Ahmose Amexem El, *pro se*.

**ZURN, Master**

A purported Delaware trust filed two actions seeking to discharge debts owed to two Alabama corporations. After not receiving a response from the defendants, the trust moved for summary judgment and judgment by default. For the reasons that follow, I recommend that the Court deny the pending motions.

## I.    Background

Plaintiff Phoenix Management Trust ("Phoenix") purports to be a private trust within the State of Delaware.[1] Ahmose Amexem El ("El") is purportedly Phoenix's trustee or representative.[2] On March 19, 2018, Phoenix filed two separate complaints, one against WinSouth Community Credit Union ("WinSouth") and another against Compass Bank/BBVA ( "Compass"; collectively, "Defendants"). The two complaints are nearly identical, save for the specific information about each defendant.[3] Phoenix asks this Court to "set-off/discharge any alleged debt" regarding its accounts with Defendants, as well as to "Return [sic] clear title."[4] I infer from these *pro se* allegations that Phoenix and/or El owe debts to Defendants, that those debts are secured by property owned by Phoenix and/or El, and that Phoenix and/or El are seeking those debts be discharged. The complaints do not allege any basis for discharge.

---

[1] Compass Compl. 1; WinSouth Compl. 1.
[2] Compass Verification to Compl. 1.
[3] *Compare* Compass Compl. 1-4 *with* WinSouth Compl. 1-4.
[4] Compass Compl. 4; WinSouth Compl. 1.

Each complaint alleges the defendant is an Alabama entity. The Compass complaint alleges Compass is a corporation "operating within the jurisdiction of the State of Alabama"[5] and that Compass's registered address is in Birmingham, Alabama.[6] The WinSouth complaint similarly alleges WinSouth operates in Alabama, from an address in Gadsden, Alabama.[7] In each case, Phoenix alleges the defendant is diverse from Phoenix, a purported Delaware trust.[8]

On March 20, 2018, the Register in Chancery issued a summons, along with a letter instructing Plaintiff to provide proof of service under Title 10, Section 3104 of the Delaware Code.[9] On April 27, 2018, Plaintiff filed affidavits of service stating that it "caused copies of the Summons…and Verified [sic] complaint to be sent by United States Postal Service" to Defendants.[10] To support this assertion, Plaintiff provided two screenshots of the USPS tracking website, which indicated that the items were delivered to cities in Alabama on April 5 and 6.[11] Plaintiff provided no proof of service signed by any defendant.[12]

---

[5] Compass Compl. 2.
[6] *Id.*
[7] WinSouth Compl. 2. I read Plaintiff's *pro se* complaint to plead that WinSouth is an Alabama corporation.
[8] Compass Compl. 1; WinSouth Compl. 1-2.
[9] Compass Letter to Pl. 1, Mar. 20, 2018; WinSouth Letter to Pl. 1, Mar. 20, 2018.
[10] Compass Aff. Serv. ¶ 2; WinSouth Aff. Serv. ¶ 2.
[11] Compass Aff. Serv. Attach. (Ex. 2); WinSouth Aff. Serv. Attach. (Ex. 2).
[12] Compass Aff. Serv. Attach. (Ex. 2); WinSouth Aff. Serv. Attach. (Ex. 2).

On May 23, 2018, Phoenix filed essentially identical motions for summary judgment in each case. On May 28, 2018, Phoenix filed essentially identical motions for default judgment in each case. According to the certificates of service for these motions, Phoenix served them on Defendants via US Mail.[13] As of this report, Defendants have not responded to the complaints or motions. On June 1, 2018, I issued a draft report on the two motions for summary judgment and two motions for default judgment. No exceptions were taken. This is my final report.

## II. Analysis

Phoenix's motions for judgment by default and for summary judgment all rely on the fact that Defendants have failed to appear or answer the complaints against them.[14] Before entering judgment for failure to appear, the Court must be satisfied that the Defendants were properly served.[15] I conclude Phoenix has failed to supply sufficient proof of service and therefore recommend the Court deny Phoenix's motions.

According to the complaints, both Defendants are out-of-state entities. Service upon them is governed by 10 *Del. C.* § 3104. "The statutory mandates of DEL. STAT. ANN. tit. 10, § 3104 are jurisdictional and cannot be relaxed by the

---

[13] Compass Mot. Summ. J. 5; WinSouth Mot. Summ. J. 5.

[14] Compass Mot. Summ. J. 1; WinSouth Mot. Summ. J. 1; Compass Mot. Default J. 2; WinSouth Mot. Default J. 2.

[15] *See* Ct. Ch. R. 12(a) (requiring the defendant to serve an answer only upon "service of the summons and complaint upon the defendant").

Court."[16] Under that section, a plaintiff must serve process on a defendant "in a manner reasonably calculated to give actual notice."[17] Delaware law allows out-of-state defendants to be served by "any form of mail addressed to the person to be served and requiring a signed receipt."[18] When service is made using this method, a plaintiff must provide proof of service, including "a receipt signed by the addressee or other evidence of personal delivery to the addressee satisfactory to the court."[19]

Phoenix has not provided sufficient proof of service. Phoenix's affidavit of service included two USPS tracking printouts, which indicate delivery to unspecified addresses in Gadsden and Birmingham, Alabama. Neither tracking page indicates that the summons was sent by a form of mail requiring a signed receipt.[20] Indeed, neither is accompanied by a signature of any defendant or its agent.[21] Moreover, the tracking page in the Compass case indicates that delivery was made to a mail room, rather than to an actual person.[22] Phoenix has failed to provide satisfactory evidence of personal delivery to either Defendant. Phoenix's proof of service is insufficient under § 3104.[23]

---

[16] *Allen v. Reddish*, 2006 WL 1688121, at *2 (Del. Super. Ct. June 20, 2006).
[17] 10 *Del. C.* § 3104(d).
[18] *Id.* at § 3104(d)(3).
[19] *Id.* at § 3104(e).
[20] Compass Aff. Serv. Attach. (Ex. 2); WinSouth Aff. Serv. Attach. (Ex. 2).
[21] *See* Compass Aff. Serv. Attach. (Ex. 2); WinSouth Aff. Serv. Attach. (Ex. 2).
[22] Compass Aff. Serv. Attach. (Ex. 2).
[23] 10 *Del. C.* § 3104(d).

In the absence of sufficient proof of service, I cannot conclude that either Defendant failed to timely appear after being served. Phoenix's motion for summary judgment also fails to meet its burden of demonstrating its entitlement to judgment as a matter of law.[24] Summary judgment will not be granted "if it seems desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances."[25] Phoenix has failed to allege or show any basis for discharging the debts owed to Defendants. I recommend the Court deny Phoenix's motions for default judgment and for summary judgment.

Finally, I note that Phoenix mailed two large packets of materials to the Register in Chancery in May 2018. Those materials were not accompanied by a filing fee, and they do not appear relevant to the issue of whether Defendants were properly served. They are being returned to Phoenix under separate cover and are not part of the docket in either case.

---

[24] Ct. Ch. R. 56(c).

[25] *Ebersole v. Lowengrub,* 180 A.2d 467, 470 (Del. 1962).

## III.    Conclusion

For the foregoing reasons, I recommend the Court deny Phoenix's motions for summary judgment and for default judgment.  Exceptions to this final report may be taken pursuant to Court of Chancery Rule 144.

Respectfully,

*/s/ Morgan T. Zurn*

Master in Chancery