**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

ALBERT HOPKINS, IRMA HOPKINS )
and FELECIA DANIELS, )
                                      )
                 Plaintiffs, )
                                        )
v. )      C.A. No. N21C-09-196 EMD
                                        )
BETTY OWENS, )
                                        )
                                        )
                Defendant. )

**ORDER DENYING DEFENDANT BETTY OWENS' MOTION FOR SUMMARY JUDGMENT PURSUANT TO DELAWARE SUPERIOR COURT CIVIL RULE 56**

Upon consideration of Defendant Betty Owens' Motion for Summary Judgment Pursuant to Delaware Superior Court Civil Rule 56 (the "Motion") filed by Defendant Betty Owens; Plaintiffs' Response to Defendant's Motion for Summary Judgment (the "Response") filed by Plaintiffs Albert Hopkins, Irma Hopkins and Felecia Daniels (collectively, "Plaintiffs"); and the entire record of this civil proceeding:

1.      The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[1] Summary judgment will be granted if, after viewing the record in a light most favorable to a non-moving party, no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[2] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the

---

[1] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. Ct. 1973).
[2] *Id.*

law to the factual record, then summary judgment will not be granted.[3] The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[4] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[5]

2.    First, the Court finds that the record has not been thoroughly developed enough to apply the law to the factual record.  Many facts regarding liability remain disputed as to the interplay between 21 Del. C. § 7103(a), 21 Del § 7103(e)(3) and the facts of this civil proceeding.   In fact, Ms. Owens fails to even reference Section 7103(a) in the Motion.  Moreover, Ms. Owens relies upon out-of-state authorities that vary from the applicable Delaware Statute.[6]

3.    The parties dispute which party exercised due care under 21 Del. C. § 7103. Whether Ms. Owens improperly drove between, obstructed, hindered or otherwise interfered with Plaintiffs while Plaintiffs were in a funeral procession is a question of fact for the jury.  As such, the Court finds that genuine issues exist as to material facts and Ms. Owens is not entitled to judgment as a matter of law.

4.    Ms. Owens argues that she is entitled to summary judgment because the Plaintiffs are not asserting various crossclaims or third-party claims against each other.  Ms. Owens contends she is entitled to judgment because Ms. Hopkins and Ms. Daniels did not name Mr. Hopkins (the driver) as a defendant.  Ms. Owens asserted this as an affirmative defense and is now making a claim under Civil Rule 19.  In essence, Ms. Owens is contending that she and Mr.

---

[3] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962).  *See also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Ct. Feb. 22, 1990)(citing *Ebersole*, 180 A.2d at 467)("Summary judgment will not be granted under any circumstances when the record indicates … that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").
[4] *Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970)(citing *Ebersole*, 180 A.2d at 470).
[5] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).
[6] *Compare* Fla. State Sec. 316.1974(3)(a) *with* 21 Del. C. § 7103(a).

Hopkins are, potentially, joint tortfeasors as to the injuries suffered by Ms. Hopkins and Ms. Daniels. Joint tortfeasors are not normally indispensable or necessary parties. It is well settled law that joint tortfeasors are not necessary parties whose joinder is mandatory but are merely permissive parties.[7]

5. For the foregoing reasons the Motion is **DENIED**.

**IT IS SO ORDERED.**

May 3, 2023
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

---

[7] *Roberts v. Delmarva Power & Light Co.*, 2007 WL 2319761, at *3 (Del. Super. Aug. 6, 2007).