**COURT OF CHANCERY**
**OF THE**
**STATE OF DELAWARE**

MORGAN T. ZURN
VICE CHANCELLOR

LEONARD L. WILLIAMS JUSTICE CENTER
500 N. KING STREET, SUITE 11400
WILMINGTON, DELAWARE 19801-3734

February 11, 2025

Andrew H. Sauder, Esquire
Dailey LLP
1201 North Orange Street, Suite 7300
Wilmington, DE  19801

Sidney S. Liebesman, Esquire
Fox Rothschild LLP
1201 North Market Street, Suite 1200
Wilmington, DE  19801

William B. Larson, Jr., Esquire
Manning Gross + Massenburg LLP
1007 North Orange Street, Suite 711
Wilmington, DE  19801

> RE: ***Mary Ross v. Jason Keats, et al.,***
> Civil Action No. 2024-1045-MTZ

Dear Counsel:

As you know, the plaintiff has moved for an interim award of attorneys' fees and expenses, which the defendants oppose. And as you also know, one of the points on which the parties join issue is causation, specifically whether defendant Jason Keats decided not to go through with the subject share issuance before the plaintiff filed suit, and if so why. Resolving that point requires me to sort out a disputed issue of fact based on Keats' Section 220 deposition, his affidavit in opposition to the fee award, and plaintiff's counsel's argument that Keats's affidavit is not credible.[1]

---

[1] The plaintiff also argues that even if Keats did change his mind, he did so due to the plaintiff's litigation. Again, Keats's affidavit appears inconsistent: he states he formally

"[T]he decision to entertain [an interim fee] application remains at the discretion of the trial court."[2] "This Court's power to award interim fees 'is part of the original authority of the chancellor to do equity in a particular situation.'"[3] "A trial judge is never required to consider an interim application. The trial judge could well prefer that the parties hold some or all of their applications until the end of the case, when a single fee determination can be made."[4] And "[p]iecemeal requests for attorneys' fees are not favored, and for good reason."[5] "Although exigent or other special circumstances may counsel in favor of awarding interim fees, the Court will generally only consider an application for attorneys' fees after a lawsuit has concluded."[6] This Court may grant interim fees "where the plaintiff has achieved

---

requested the withdrawal of the corporate instruments the day before this litigation was filed.

[2] *In re Del Monte Foods Co. S'holders Litig.*, 2011 WL 2535256, at *7 (Del. Ch. June 27, 2011).

[3] *Sparton Corp. v. O'Neil*, 2018 WL 3025470, at *5 (Del. Ch. June 18, 2018) (quoting *Mills v. Elec. Auto-Lite Co.*, 396 U.S. 375, 393 (1970)).

[4] *Del Monte Foods*, 2011 WL 2535256, at *7.

[5] *In re Emulex S'holder Litig.,* C.A. No. 4536-VCS (Del. Ch. Dec. 18, 2009) (ORDER) ("Efficiency concerns suggest that, absent some exigency, requests for fees all be heard one time at the end of a case.").

[6] *In re Novell, Inc. S'holder Litig.*, 2011 WL 4091502, at *5 (Del. Ch. Aug. 30, 2011).

the benefit sought by the claim that has been mooted or settled and that benefit is not subject to reversal or alteration as the remaining portion of the litigation proceeds."[7]

I see no exigent or equitable circumstances here that support an interim fee award. The litigation is still at the pleading stage. It follows that I am not presently equipped to resolve the disputed factual issues of when and why Keats changed his mind on the issuance. This Court resolves disputes of fact and makes credibility determinations based on an evidentiary hearing or trial, not the papers.[8] And a sweeping and unsupported conclusion that a party is not credible and submitted false sworn documents would surely have ripple effects as this case unfolds.[9] The

---

[7] *La. State Emps.' Ret. Sys. v. Citrix Sys., Inc.*, 2001 WL 1131364, at *4 (Del. Ch. Sept. 19, 2001).

[8] *See, e.g.*, *Little River Landing LLC v. Allstate Vehicle & Prop. Ins. Co.*, 2024 WL 68022, at *1 (Del. Ch. Jan. 5, 2024) ("[S]ummary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law . . . .'" (quoting Ct. Ch. R. 56(c))); *Schneider Nat'l Carriers, Inc. v. Kuntz*, 2020 WL 4012284, at *11 (Del. Ch. July 16, 2020) (denying summary judgment because "ultimate resolution of this issue may turn on credibility determinations, which are not appropriate at the summary judgment stage"); *In re Real Est. of Jamies's L.L.C.*, 2006 WL 644473, at *1 (Del. Ch. Mar. 1, 2006) (explaining that in exceptions, if "credibility determinations" were made by the magistrate, the court "must hear separately in a new trial"); *Webb v. Davis*, 1999 WL 504777, at *1 (Del. Ch. July 6, 1999) ("I will deny the [summary judgment] motion because my review of the record leaves me with the distinct impression that it is desirable to try the matter to permit a more thorough inquiry into the facts 'in order to clarify the application of the law to the circumstances' of this case." (quoting *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962))).

[9] To be sure, there will be consequences if Keats's affidavit proves to have been false when made.

plaintiff's interim fee petition is denied without prejudice to renew it at a suitable time.

Sincerely,

*/s/ Morgan T. Zurn*

Vice Chancellor

MTZ/ms

cc: All Counsel of Record, via *File & ServeXpress*