**IN THE COURT OF COMMON PLEAS FOR THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY**

SHERRY LONG,                                                  )
                                                             )
    Defendant-Below/Appellant,                               )
                                                             )
          v.                                             )      C.A. No. CPU4-16-000917
                                                             )
STATE OF DELAWARE,                                           )
                                                             )
    Plaintiff-Below/Appellee.                                )
                                                             )

Submitted: October 21, 2016
Decided: December 13, 2016

Sherry Long                                  Victoria Counihan, Esq.
321 Wooddale Avenue                          Department of Justice
New Castle, DE 19720                         820 North French Street
*Self-Represented Appellant*                 Wilmington, DE 19801
                                             *Attorney for Appellee*

**MEMORANDUM OPINION AND ORDER
ON APPELLEE'S MOTION FOR SUMMARY JUDGMENT**

This is an appeal from a decision by the Justice of the Peace Court No. 13

finding in favor of Plaintiff-Below/Appellee State of Delaware Benefit Payment

Control Unit (the "Division"[1]), of the Department of Labor's Division of

Unemployment Insurance. The Division brings this Motion for Summary Judgment

(the "Motion") pursuant to *Court of Common Pleas Civil Rule 56*. A hearing on the

---

[1] The Division is the agency responsible for maintaining the solvency of Delaware's Unemployment Compensation Administration Fund, which provides wage earners who become unemployed through no fault of their own with unemployment benefits until they re-enter the labor market.

Motion was held on September 2, 2016. During the hearing, the question surfaced of whether the Court has jurisdiction in this matter. Specifically, the Court questioned whether it could issue an order for the collection of a debt based upon a decision by the Unemployment Insurance Appeals Board. At the conclusion of the hearing, the Court ordered the parties to submit supplemental briefing on the issue of jurisdiction. The Division complied with the Court's briefing order; however, Sherry Long ("Defendant") failed to submit any additional material. This is the Court's decision on the Motion.

## FACTUAL AND PROCEDURAL HISTORY

Defendant filed a claim for unemployment insurance benefits with the Division, effective February 5, 2012, and began receiving benefits in the amount of $281.00 per week. After receiving these benefits for six months, Defendant applied for an extension, which became effective on August 5, 2012, and again began receiving benefits in the amount of $281.00 per week. Defendant continued to receive the extension weekly benefits from August 11, 2012 through December 29, 2012.

On January 23, 2013, the Division issued a Notice of Determination finding that Defendant had been disqualified from receiving unemployment insurance benefits as of April 21, 2012 (the "Disqualification Determination"). The notice stated that an overpayment would be established, and Defendant had a right to appeal

2

the Disqualification Determination. Defendant did not pursue an appeal, and the Disqualification Determination became final on February 2, 2013.

On March 1, 2013, the Division issued two notices determining Defendant had been overpaid unemployment insurance benefits for which she was later found to be disqualified (the "Overpayment Determinations"). The Overpayment Determinations found that Defendant had been overpaid unemployment benefits in the amount of $4,496.00 from April 21, 2012 to August 4, 2012; and $5,620.00 from August 11, 2012 to December 29, 2012. Defendant appealed both Overpayment Determinations to an Appeals Referee. After a hearing on the merits, the Appeals Referee upheld both of the Overpayment Determinations.

On April 15, 2013, Defendant appealed the Appeals Referee's decision to the Unemployment Insurance Appeals Board (the "Board"). The Board affirmed the Appeals Referee's decision, and found Defendant liable for the overpayments of unemployment benefits. On May 8, 2013, Defendant appealed the Board's decision to the Superior Court; however, the Superior Court dismissed the action on October 3, 2013 because Defendant failed to prosecute the appeal. Accordingly, the Board's decision upholding the Overpayment Determinations became a final administrative order.

Pursuant to the authority in *19 Del. C. § 3325* and *30 Del. C. § 545*, the Division began collection proceedings of the amounts owed by withholding a portion of Defendant's future unemployment benefits and by intercepting Defendant's tax

3

refunds. The Division was able to recoup $1,367.00 from Defendant using these methods. Defendant currently owes the Division $8,875.50 in unemployment benefits overpayments.

On October 22, 2015, the Division brought a debt action against Defendant in Justice of the Peace Court No. 13, to recover the amounts due from overpayments. On March 8, 2016, Defendant filed a counterclaim in the amount of $1,368.00, seeking recovery of reductions in unemployment benefit payments the Division withheld. The Justice of the Peace Court held a trial on March 9, 2016, and entered judgment in favor of the Division in the amount of $8,829.00 plus costs. On March 24, 2016, Defendant filed an appeal to this Court.

The Division filed the instant Motion for Summary Judgment on August 9, 2016. The Court conducted a hearing on the Motion on September 2, 2016, where the jurisdiction issue surfaced. The question centered upon the Court's authority to hear an action where the claim arose out of and is based upon an administrative decision by the Board to collect overpayment benefits. The Court allowed the parties to submit supplemental briefs on the issue of jurisdiction, and reserved decision on the Motion. On September 30, 2016, the Division filed its Opening Brief on the issue of jurisdiction. Although Defendant was afforded the opportunity to address the issue of jurisdiction, Defendant did not file a Response.

4

## PARTIES' CONTENTIONS

The Division contends that this Court has jurisdiction to hear this debt action and issue a judgment based upon a decision by the Board. In support of its position, the Division argues the Court has jurisdiction under the plain meaning of the unambiguous statute codified in *19 Del. C. § 3325*. The Division argues that under section *3325*, the Division may collect an overpayment of unemployment benefits by bringing a "civil action in a court of competent jurisdiction." The Division contends that based upon principles of statutory construction and case law construing sections of the Delaware Code, the Court has jurisdiction to hear this action to collect a debt overpayment owed to a state agency.

Moreover, the Division references other sections of *Title 19* which require appeals to be filed exclusively with the Superior Court. The Division argues the General Assembly never intended *Section 3325* actions for the collection of overpayment debts to be filed exclusively in the Superior Court, but instead in any "court of competent jurisdiction." The Division maintains if the legislature meant for these cases to be heard exclusively in Superior Court, it would have so specified in the statute. The Division maintains the plain language of the statute is evidence of the legislature's intent to allow the Division to file actions, such as this one, in any court that hears civil actions, subject to the limitations of amounts in controversy.

Furthermore, the Division contends that the *Delaware Administrative Procedures Act* (the "*APA*") does not apply in this case, because the *APA* does not apply to

decisions of either the Division or the Board. The Division acknowledges that appeals from case decisions made by State agencies and boards must be filed with the Superior Court pursuant to the *APA*. However, the Division contends the instant action is not an appeal of an agency decision, but rather a separate action to collect debts owed as a result of a final, and no longer appealable, agency decision. Therefore, the State reasons that since the *APA* does not confer jurisdiction in debt matters, the Court must look to the Delaware Code and the Delaware Constitution to determine whether it has subject matter jurisdiction.

With respect to this Court, the Division notes that the Delaware Constitution grants the Court of Common Pleas jurisdiction over all civil actions at law where the matter or thing in controversy does not exceed $50,000. The Division argues that the instant matter, which is a civil action at law seeking to collect a debt owed to a state agency in an amount less than $50,000, falls squarely within this Court's jurisdiction. Furthermore, the Division maintains that the Justice of the Peace Court had jurisdiction to hear this matter, because the amount in controversy did not exceed the court's $15,000 jurisdictional limit. For these reasons, it is the Division's position that not only does the Superior Court have jurisdiction to hear this matter, but also the Justice of the Peace Court and the Court of Common Pleas, because they are all courts of competent jurisdiction with an amount in controversy not in excess of their constitutional limits.

Because this Court has jurisdiction to hear the appeal, the Division argues this Court must grant its Motion for Summary Judgment. The Division maintains that there are no issues of genuine material facts. The Division asserts that the Board's ruling affirming the Overpayment Determinations is a final administrative order, which is not reviewable by this Court. The Division argues Defendant's sole remedy to challenge the Board's decision was to pursue an appeal with the Superior Court, which process Defendant began, but did not continue to pursue. This led to the Superior Court dismissing Defendant's appeal, and the Board's decision became a final order. As a result, the Division argues that Defendant is required by law to repay the outstanding principal balance owed to the Division with interest and court costs.

Although Defendant did not provide this Court with a response on the issue of jurisdiction, Defendant does vehemently oppose the Division's Motion. However, Defendant's opposition is based upon her not being afforded the opportunity to argue her case before the Justice of the Peace Court. Specifically, Defendant claims she was not able to argue the issue of disqualification of benefits pursuant to *19 Del. C. § 3314(1)*. For these reasons, Defendant implores this Court to deny the Division's Motion, and allow her a chance to present her position at trial.

## LEGAL STANDARD

*Court of Common Pleas Civil Rule 56(c)* provides that "[t]he judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

7

issue of material fact and that the moving party is entitled to judgment as a matter of law."[2] If the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record sub judice, then summary judgment must be denied.[3]

"In considering a motion for summary judgment the court must view the facts in a light favorable to the non-moving party and accept, as true, all undisputed factual assertions."[4] This Court will grant a motion for summary judgment when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.[5] However, a motion for summary judgment will be denied when "a more thorough inquiry into the facts is desirable to clarify the application of the law to the circumstances."[6]

## DISCUSSION

### I. Jurisdiction

Before the Court can address the Division's Motion, it first must decide the threshold question of jurisdiction. As a preliminary matter, I agree with the Division that the *APA* does not apply in this case. The instant matter before the Court is not a review of an agency decision, but rather a debt collection action. For this reason, the Court must look to the Delaware Code for guidance.

---

[2] CCP Civ. R. 56(c).
[3] *See Ebersole v. Lowengrub*, 180 A.2d 467 (Del. 1962).
[4] *Donnelly v. Fannie Mae*, 2015 WL 6739163, at *2 (Del. Com. Pl. Nov. 3, 2015) (internal citations omitted).
[5] *See Id.*
[6] *Id.*

8

The recoupment of overpayment of benefits is governed by *19 Del. C. § 3325*. The statute is explicit on how the Division may recoup the overpayment of unemployment benefits, including the requirement that the Division issue notices of overpayment prior to any collection action. The statute is also clear that the judicial appeal process to dispute a decision of overpayment, is exclusively vested in the Superior Court. However, the statute generally vests jurisdiction for collection action following the Board's final determination.

A pertinent part of *Section 3325* states:

No action shall be taken by the Department to collect an overpayment of benefits to any person after a period of 5 years from the end of the benefit year, as defined in § 3302(3) of this title, with respect to which such benefits were paid, unless during this 5 year period, the Department has brought *a civil action in a court of competent jurisdiction against the claimant*.[7]

Furthermore, the first paragraph of *Section 3325* states:

In addition to the methods of collection authorized by this chapter, the Department may collect overpayments, interest, penalties, and other liabilities due under this chapter as provided in § 545, Title 30 of the Delaware Code, § 5402 of the Federal Internal Revenue Code (*26 U.S.C. § 5402*), § 503(m) of the Social Security Act (*42 U.S.C. § 503(m)*), *and any other means available under Federal or State law*.[8]

Delaware law grants this Court jurisdiction over all civil actions at law where the matter or thing in controversy does not exceed $50,000.[9] A debt action based upon amounts a party claims or a certain sum of money due to him or her comes

---

[7] 19 Del. C. § 3325 (emphasis added).
[8] *Id* (emphasis added).
[9] 10 Del. C. § 1322.

within this jurisdiction.[10] One of the most common instances of its use is for debts based upon judgments or obligations of record.[11]

The basic rule of statutory construction requires the Court to ascertain and give effect to the intent of the legislature.[12] "If the statute as a whole is unambiguous and there is no reasonable doubt as to the meaning of the words used, the court's role is limited to an application of the literal meaning of those words."[13] The plain reading of *Section 3325* allows the Division to collect overpayments by any means available under State law. This includes bringing debt collection actions based upon judgments or obligations of record. The Division brought a debt action against Defendant in the Justice of the Peace Court to recover the overpayment of benefits based upon a final administrative order. The amount the Division sought to recover was under $15,000. Therefore, the Justice of the Peace Court had jurisdiction over this matter. This Court has jurisdiction to hear civil appeals from the Justice of the Peace Court, and therefore this matter is properly before the Court.

## II.    Motion for Summary Judgment

Turning to the Motion before the Court, having resolved the jurisdiction issue, the record reflects that the Board's decision regarding the overpayment of benefits became a final order upon dismissal by the Superior Court. Pursuant to *Section 3325*,

---

[10] Benjamin J. Shipman, *Handbook of Common-Law Pleading* § 52, at 132 (Henry Winthrop Ballantine ed., 3d. 1923).
[11] *Id.*
[12] *See Coastal Barge Corp. v. Coastal Zone Indus. Control Bd., Del.Supr.*, 492 A.2d 1242, 1246 (1985).
[13] *In re Adoption of Swanson*, 623 A.2d 1095, 1096–97 (Del. 1993).

Defendant's sole remedy to dispute the Board's decision is an appeal to the Superior Court,[14] which she commenced but ultimately failed to pursue. This resulted in the Superior Court dismissing her appeal, making the Board's decision final. There are no genuine issues of material fact that are in dispute regarding the state's right to collect the debt. Accordingly, summary judgment is appropriate under *Court of Common Pleas Civil Rule 56*, and the Division's Motion is GRANTED.

## CONCLUSION

For the reasons stated *supra*, the Division's Motion for Summary Judgment is hereby **GRANTED**. Defendant's counterclaim seeking the recovery of reductions in unemployment benefit payments the Division withheld is hereby **DENIED**. Judgment is entered in favor of the Division in the principal amount of $8,829.00, with post-judgment interest at the contractual rate of 18% and costs.

**IT IS SO ORDERED.**

 

_____
Alex J. Smalls,
Chief Judge

Sherry Long-OP Dec 13 2016

---

[14] 19 Del. C. §3325.