COURT OF CHANCERY
OF THE
STATE OF DELAWARE

PATRICIA W. GRIFFIN
MASTER IN CHANCERY

CHANCERY COURTHOUSE
34 The Circle
GEORGETOWN, DELAWARE 19947

Final Report:  November 21, 2017
Date Submitted: August 29, 2017

E. Chaney Hall, Esquire
Fox Rothschild, LLP
919 N. Market Street, Suite 300
Wilmington, DE 19801

Francis G. X. Pileggi, Esquire
Eckert Seamans Cherin & Mellott, LLC
222 Delaware Avenue, 7th Floor
Wilmington, DE 19801

Mr. George Kennedy
1602 Ridge Road
Catonsville, MD 19801

RE: *Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
  C.A. No. 10361-MG

Dear Counsel and Mr. Kennedy:

Pending before me is a motion for default judgment or, in the alternative, for summary judgment filed by Plaintiff Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington Mutual Bank, F.A. (hereinafter "Deutsche Bank") on

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **2** of **20**

April 17, 2017 against Defendant George Edward Kennedy (hereinafter "Kennedy") in an *in rem* mortgage foreclosure action. I recommend that the Court grant summary judgment to Deutsche Bank.

## BACKGROUND

This litigation has a lengthy history. It began on April 30, 2009 as a mortgage foreclosure complaint against Defendants Helene Hines ("Helene") and Jeffrey Hines ("Jeffrey") in the Superior Court.[1] On December 30, 2005, Helene and Jeffrey borrowed $1,598,777 from Washington Mutual Bank, F.A.,[2] executing an adjustable rate note and a mortgage as security, for vacation rental property located at 302 S. Ocean Drive, South Bethany Beach, Delaware ("the Property"). The mortgage and note were recorded on January 11, 2006.[3] At that time, the Property was owned by the Hineses, but shortly after the mortgage foreclosure action was started, the Hineses conveyed the property to Helene, who then conveyed the Property to a Delaware limited liability company called 302 S. Ocean

---

[1] I may use first names in pursuit of clarity, and intend no familiarity or disrespect.
[2] On April 15, 2009, Washington Mutual Bank, F.A., through its successor in interest, JPMorgan Chase Bank, N.A., assigned its right in the mortgage and note to Deutsche Bank. Transmittal Aff. of Pl.'s Att'y in Supp. of Pl.'s Opening Br. in Supp. of its Mot. for Def. J., or in the Alternative, for Summ. J. [hereinafter "Aff. in Supp. Pl. Br. Summ. J."], Exh. D (Apr. 17, 2017).
[3] Compl. ¶ 9 (Nov. 17, 2014).

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **3** of **20**

Drive LLC ("302 LLC") on October 14, 2011. Helene assigned 20% of her interest in 302 LLC to Kennedy on October 13, 2011.[4]

On November 5, 2012, Kennedy, acting as managing member of 302 LLC, unsuccessfully attempted to intervene in the Superior Court foreclosure action. A Sheriff's sale took place on April 16, 2013, and Deutsche Bank was the highest bidder but on May 1, 2013, Kennedy filed a *pro se* motion to set aside the Sheriff's sale. Deutsche Bank then realized that it had not given proper notice of the sale to 302 LLC and requested permission to file a new *levari facias* to schedule a new sale, which was granted by Superior Court. In response to Deutsche Bank's request, on June 5, 2013, Kennedy submitted a copy of a deed conveying the Property from 302 LLC to Kennedy on May 29, 2013.[5] But, in November 2014, Deutsche Bank belatedly discovered that the mortgage was not under seal and filed a notice of an election to transfer its case to the Court of Chancery, which was granted by the Superior Court on January 1, 2015.

---

[4] Aff. in Supp. Pl. Br. Summ. J., Exh. G.

[5] Under an agreement between Helene and Kennedy signed on April 23, 2013, Helene agreed to transfer her remaining 80% interest either to 302 LLC or Kennedy with the intention that 100% ownership of the property goes to Kennedy and that Kennedy and/or 302 LLC "assumes all liability pertaining to Helene in any way, shape or form on the mortgage/note, the property . . ." and, in return, 302 LLC would pay Helene $10,000 on or about December 15, 2013. *Deutsche Bank v. Helene and Jeffrey Hines*, C.A. No. S09-L-04-115, Transaction No. 52622428, Kennedy's Notice of Answer & Req. for Chain of Title Documentation that Authorizes *Levari Facias* Sale, Exh. 1 (Del. Super. June 5, 2013). A deed conveying full ownership of the Property to Kennedy was executed on May 29, 2013. Docket Item ("D.I.") 9, Exh. E.

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **4** of **20**

Deutsche Bank filed an equitable *in rem* foreclosure complaint in the Court of Chancery on November 17, 2014, naming Helene, Jeffrey, and Kennedy as defendants. Kennedy, acting *pro se*, filed an answer claiming that the action violated bankruptcy law, he did not owe any money to Deutsche Bank and the other defendants had not been properly served. On March 24, 2015, Master Ayvazian granted Deutsche Bank's motion for service by publication and posting as to Helene and Jeffrey, and on May 14, 2015, she granted an order for default judgment against Helene and Jeffrey in the principal amount of $1,718,748.18, plus fees and interest.

Extensive motion practice followed. Deutsche Bank filed a motion for summary judgment against Kennedy on March 30, 2015, and on May 22, 2015, Kennedy moved to dismiss the complaint under Court of Chancery Rule 12(b)(6). On September 17, 2015, Master Ayvazian issued a final report denying both motions. Since Kennedy is an assignee of the original mortgagor and purported to be a bona fide purchaser for value of the Property, Master Ayvazian found that a genuine issue of material fact existed as to whether Kennedy would be unjustly enriched if the Court dismissed the *in rem* foreclosure action, which could not be determined without "a thorough investigation into the circumstances surrounding

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **5** of **20**

the recent conveyances of the Property."[6]  The Court approved Master Ayvazian's September 17, 2015 final report after no exceptions were filed.

On June 9, 2016, Kennedy filed a motion for summary judgment, arguing that Deutsche Bank had unclean hands and forfeited its right to equitable relief, because for years it had been illegally attempting to foreclose on mortgages not under seal in the Superior Court.  Master Ayvazian denied Kennedy's motion on December 21, 2016.[7]

On August 12, 2016, Deutsche Bank filed a motion to compel discovery responses from Kennedy because of his delay in providing responses to Deutsche Bank's first set of interrogatories, requests for production and for admission, and his failure to provide requested supplemental responses to address deficiencies in his responses.  In a January 24, 2017 report, Master Ayvazian found Kennedy's responses to interrogatories and for production of documents were largely non-responsive and recommended the Court grant Deutsche Bank's motion to compel discovery, require Kennedy to comply with discovery requests, provide a rolling production of documents within 30 days of the report becoming final, and award Deutsche Bank its reasonable fees incurred in pursuing the motion.  She stated that Kennedy's "failure to comply with this schedule may result in further sanctions,

---

[6] D.I. 24

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **6** of **20**

including further fee shifting and entry of a default judgment against Kennedy."[8]
With no exceptions filed, that report was approved by the Court on February 8, 2017.

On December 1, 2016, Deutsche Bank filed a motion to compel Kennedy to attend his deposition, asserting that Kennedy had failed to appear for his deposition on three separate occasions, and requesting the award of reasonable fees and costs associated with the rescheduling of the deposition and the motion to compel. Noting the motion was unopposed, Master Ayvazian granted the motion on December 21, 2016, ordering Kennedy to attend his deposition and awarding reasonable fees and costs incurred in connection with rescheduling the deposition and the motion to compel. Kennedy did not appear for his deposition scheduled for January 12, 2017 and his deposition was rescheduled to April 6, 2017. Deutsche Bank moved for sanctions against Kennedy on January 25, 2017 for violating the Court order compelling his attendance at his deposition.

Master Ayvazian held a teleconference on April 3, 2017. Deutsche Bank was concerned that Kennedy's failure to attend his deposition or to comply with the Court's order compelling discovery would hamper the Bank's ability to present its case. During that teleconference, Kennedy asserted that he had been seriously

---

[7] D.I. 72.

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **7** of **20**

ill and hospitalized from December 17, 2016 – January 21, 2017, and his recovery had been slow since then.[9] Master Ayvazian noted Kennedy's efforts to delay this litigation and indicated her inclination to grant a default judgment given the continued delay, if Deutsche Bank filed such a motion.[10]

Deutsche Bank filed a motion for default judgment or, in the alternative, for summary judgment, on April 17, 2017, claiming that Kennedy has failed to comply with the Court's orders, obstructed discovery and will be unjustly enriched unless the mortgage is enforced, and requesting the Court to award fees and costs associated with Kennedy's discovery abuses.[11] Upon hearing no response from Kennedy, Deutsche Bank asked that the Court enter an order for default judgment, which Master Ayvazian granted on May 19, 2017. On May 25, 2017, Kennedy filed his response and objection to Deutsche Bank's motion, showing that the

---

[8] D.I. 77 at 8.

[9] Def.'s Resp. and Obj. to Pl.'s Opening Br. in Supp. of its Mot. for Def. J., or in the Alternative, for Summ. J. [hereinafter "Def.'s Resp. Summ. J."], Exh. 7, 11 (May 25, 2017) (written statement from a medical provider that, as of March 7, 2017, Kennedy's improvement had reached a stage where he is now "physically and mentally competent.")

[10] Tel. Conf. Tr. 15 (Apr. 3, 2017).

[11] Deutsche Bank claims that Kennedy has litigated in bad faith and "misused the powers of the Bankruptcy Court to assist his efforts" in delaying the discovery process. Pl.'s Mot. for Def. J., or in the Alternative, for Summ. J. at 14 (April 17, 2017). In December 2016, Kennedy's wife filed a request to reinstate a prior Chapter 11 case in bankruptcy court. The bankruptcy court held a hearing on March 3, 2017 and entered an order finding that, in the context of "an active foreclosure proceeding dating back to 2009 and [Kennedy's] prior unsuccessful bankruptcy filings, [Kennedy's] case was not filed in good faith but rather was filed to further delay legal proceedings," and that "the filing was made in bad faith for the purpose of delay." D.I. 89, Exh.1.

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **8** of **20**

Bank's motion was sent to him at an incorrect address, which he asserted delayed its delivery to him until May 4, 2017.  Kennedy claims that he has not failed to comply with court orders or obstructed the discovery process, particularly in light of his illness, and denies his unjust enrichment because Deutsche Bank's attorneys have misrepresented material facts concerning his health, criticized him for his failure to pay towards the mortgage and for keeping rental income, refused to "complete its commitment to conclude the assumption/modification paperwork" for the mortgage, and relied on a fraudulent note in this action.[12] This case was reassigned to me after Master Ayvazian's retirement.  On August 9, 2017, I issued a draft report vacating the default judgment because the default judgment order did not specify whether it was entered as a result of Kennedy's failure to respond to the motion or as a sanction for discovery violations, and, given the address error, it was reasonable to assume that Kennedy met the 20-day time frame for responding that Master Ayvazian specified.[13]  I stayed the time for taking exceptions to that draft order until this report was issued.

---

[12] Def.'s Resp. Summ. J. at 6-8.

[13] Master Ayvazian stated during the April 3rd teleconference that Kennedy would have 20 days to respond after he was served with Deutsche Bank's motion. Tel. Conf. Tr. 19-20 (Apr. 3, 2017).

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **9** of **20**

Pending before me is Deutsche Bank's motion for summary judgment or, in the alternative, default judgment, and its motion for sanctions. This is my final report.

## STANDARD OF REVIEW

The standard for reviewing a motion for summary judgment under Court of Chancery Rule 56 is well-known. Under Rule 56(c), summary judgment is granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The summary judgment standard places the initial burden on the moving party to demonstrate that are no genuine issues of material facts. Once the moving party has satisfied that burden, it falls on the non-moving party to show that there are factual disputes. Mere allegations or denials in a pleading, unless backed up by specific facts contained in admissible evidence, are insufficient to show that there is a genuine issue for trial.[14] If a material fact exists, or the Court desires to inquire "more thoroughly into the facts to clarify" how to apply the law to the

---

[14] *E.g.*, *Wagamon v. Dolan*, 2012 WL 1388847, at *2 (Del. Ch. Apr. 20, 2012); *Wells Fargo Bank, N.A. v. Williford*, 2011 WL 5822630, at *2 (Del. Super. Ct. Nov. 17, 2011).

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **10** of **20**

circumstances in the case, then summary judgment will not be granted.[15] Evidence

must be viewed "in the light most favorable to the non-moving party."[16]

## ANALYSIS

1. <u>Kennedy's unjust enrichment without the enforcement of Deutsche Bank's equitable lien on the Property</u>

Deutsche Bank argues that Kennedy will be unjustly enriched unless the

equitable mortgage lien is enforced against the Property, because he purchased the

multi-million-dollar Property in 2011, with notice of its pre-existing mortgage lien,

for, at most, $10,500, and has received over $100,000 in rental income from the

Property each year since then. Kennedy claims that he has not been unjustly

enriched because Deutsche Bank refuses to allow him to assume a modified loan

for the Hines mortgage and relies on a forged or fraudulent note as the basis for its

claim.

There is no genuine issue of material fact concerning the existence of an

equitable lien on the Property. The mortgage document for the Property, with

Helene and Jeffrey as borrowers of $1,589,977, was recorded in the Sussex County

---

[15] *E.g., Williams v. Geier*, 671 A.2d 1368, 1388–89 (Del. 1996), citing *Ebersole v. Lowengrub*, 180 A.2d 467 (Del. 1962); *Cincinnati Bell Cellular Sys. Co. v. Ameritech Mobile Phone Serv. of Cincinnati, Inc.*, 1996 WL 506906, at *2 (Del. Ch. Sept. 3, 1996).

[16] *Williams*, 671 A.2d at 1388–89, citing *Merrill v. Crothall–American, Inc.*, 606 A.2d 96, 99 (Del. 1992).

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **11** of **20**

Recorder of Deeds Office on January 11, 2006. Although the mortgage lacks a seal, such mortgages are routinely recognized as equitable liens on the property.[17]

Kennedy has not presented any credible evidence that the mortgage is not valid. He argues that the note is fraudulent because Helene's signature was "cut and pasted." He presented a letter from a purported handwriting expert in Florida (whose credentials indicate that he was "formerly licensed" in Massachusetts) providing his preliminary opinion that, because one of the copies of the adjustable rate note had Helene's "suggested true signature" and the other copy did not, he concluded that this "strongly suggests that [Helene's] signature was placed/created on [the first document] by means of a "cut and paste" procedure."[18] But, he also proffers that the mortgage, adjustable rate rider and second home rider, which were dated the same date as the note, bear the "reported true signature of Helene."[19] I do not find that letter is sufficient to create a genuine issue of a material fact in this case. Kennedy has presented no factual basis to conclude the mortgage, and the debt secured by the note, are invalid. Kennedy, Helene or Jeffrey have presented no evidence in this case to suggest that Helene and Jeffrey, the borrowers and then owners of the Property, and Washington Mutual Bank F.A., the original

---

[17] *E.g., Handler Const., Inc. v. CoreStates Bank, N.A.,* 633 A.2d 356, 363 (Del. 1993); *Monroe Park v. Metropolitan Life Ins. Co.*, 457 A.2d 734, 736 (Del. 1983)(citation omitted).
[18] Def.'s Resp. Summ. J., Exh. 4.

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **12** of **20**

mortgagee, did not intend for the mortgage to bind the Property when it was executed, or that the mortgagee failed to satisfy the terms of the agreement.

A person acquiring property with notice of an existing equitable interest or lien on that property takes subject to that lien.[20] "[I]t is well-established that a third party's actual or constructive notice of an equitable lien is sufficient to render the lien enforceable in relation to that party."[21] "[R]ecordation of an otherwise valid mortgage that lacks a seal provides 'clear and undoubted' notice of the prior lien interest."[22]

It is uncontroverted that Kennedy had actual and constructive notice of the equitable mortgage on the Property prior to his obtaining any interest in the Property. He had notice of the equitable lien from the recorded mortgage and note on the Property. And, the financing addendum to the agreement of sale for the Property between Helene and Kennedy, which was executed on August 28, 2011, stated that Kennedy, the buyer, agreed to assume "the full balance of debt on the property."[23] Six weeks later, on October 13, 2011, Kennedy obtained a 20% interest in 302 LLC. The next day, Helen conveyed the Property to 302 LLC.

---

[19] *Id.*
[20] *Handler*, 633 A.2d at 364.
[21] *Id.* at 364-65.
[22] *Id.* at 365.
[23] Aff. in Supp. Pl. Br. Summ. J., Exh. F.

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **13** of **20**

Kennedy has had possession and control of the Property since October 2011.[24] Through an April 23, 2013 agreement with Helene, by which Kennedy obtained 100% interest in the Property, he again agreed to assume all liability on the mortgage/note on the Property.[25] Following that agreement, the deed conveying the Property from 302 LLC to Kennedy was executed on May 29, 2013. Further, Kennedy admitted in his answer to Deutsche Bank's request for admissions that he was aware that the mortgage was in default when he obtained ownership interest in the property.[26] And, in his deposition, he reconfirmed his knowledge of the pre-existing equitable mortgage at the time he assumed ownership of the property.[27] I find that, because Kennedy had notice of the pre-existing mortgage when he obtained his interest in the Property from Helene, he took the Property subject to Deutsche Bank's pre-existing equitable lien. Helene could transfer to Kennedy only what her rights were in the Property – which were subject to Deutsche Bank's equitable mortgage lien.

Moreover, Kennedy is not an unsuspecting purchaser who paid full value for the Property without notice about the outstanding liens on the Property. Kennedy

---

[24] Aff. in Supp. Pl. Br. Summ. J., Exh. E (Kennedy Dep. Tr. 198).
[25] *See* note 5 *supra.*
[26] Pl.'s Mem. of Law in Opp'n to Def.'s Mot. for Summ. J., Exh. C (July 25, 2016).

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **14** of **20**

states that he paid $10,500 total in cash[28] for the Property, which was worth $1.9 million at the time he obtained an interest in it.[29]    Kennedy claims that Helene received additional value through his agreement to pay the outstanding debt on the Property.   Kennedy presented no evidence that he actually assumed the mortgage loan, or made any payments under the note and mortgage during the time he has possessed the Property.[30]   His agreement with Helene to pay off the loan debt, without actually paying anything on it, represents little, if any, value as consideration from Kennedy.   Kennedy knew about the mortgage, and paid far less than the Property was worth.  He was not an unsuspecting purchaser for value.

And, Kennedy inured significant financial benefit from his ownership and management of the Property.   He received rental income on the Property from 2011 up until today.   Kennedy presented "profit and loss statements" on the

---

[27] Aff. in Supp. Pl. Br. Summ. J., Exh. E (Kennedy Dep. Tr. 197). In his deposition, Kennedy stated that the rental agent told him the Property was "going into foreclosure" in August 2011 before Kennedy had ever seen the Property. *Id.* at 79.

[28] Evidence presented indicates that Kennedy made a $500 deposit when he signed the original agreement for sale in 2011. *See* Aff. in Supp. Pl. Br. Summ. J., Exh. E (Kennedy Dep. Tr. 72); Def.'s Mot. for Expedited Hr'g, Exh. 4 (Oct. 23, 2017).  Kennedy stated in his deposition that he paid Helene an additional $10,000, although he could not recall, and did not have personal records of, exactly when that payment was made. Aff. in Supp. Pl. Br. Summ. J., Exh. E (Kennedy Dep. Tr. 72, 195).

[29] The purchase price listed on the 2011 agreement of sale between Helene and Kennedy was $1,910,865. Aff. in Supp. Pl. Br. Summ. J., Exh. F.  The value of the Property has continued to rise since his purchase, with the Property's worth estimated as $2,150,000 in May 2016. *Id.*, Exh. L.

[30] Aff. in Supp. Pl. Br. Summ. J., Exh. E (Kennedy Dep. Tr. 197).

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **15** of **20**

Property from the rental agency between 2011 and 2016 showing that rental income from the Property varied from $99,000 in 2011 to $123,670 in 2016 but generally exceeded $100,000 annually.[31]   Total income during Kennedy's ownership of the Property has exceeded total expenses related to maintaining or renting the Property.[32]   Kennedy received net income from the Property in the amount of $27,242 in 2011, $19,547 in 2012, $72,377 in 2013, $57,265 in 2014, and $49,870 in 2015.   In 2016, when major repairs and renovations were performed on the Property, expenses exceeded income by $93,425.   In sum, Kennedy received $133,000 in income from the Property between 2011 and 2016.

---

[31] Aff. in Supp. Pl. Br. Summ. J., Exh. I.  Although information on income and expenses for the Property in 2017 has not been presented as evidence, Kennedy stated in his deposition that the Property's rental income for 2017 "could go up as high as between 125 and 130 thousand," with only normal maintenance and "minor" repairs anticipated during that year since the major renovations have been done previously.  Aff. in Supp. Pl. Br. Summ. J., Exh. E (Kennedy Dep. Tr. 182).

[32] The profit and loss statements include a cost each year for "legal" expenses, which cannot reasonably be attributable to maintaining or renting the Property and, consequently, I decline to include the legal expenses in the calculations.  To the extent Kennedy had legal expenses associated with the Property, those expenses related to his Property interest issues, and not to the maintenance or rental of the Property itself.  Further, since he has acted *pro se* for much of the proceedings in the Court of Chancery and Superior Court, the basis for the legal expenses is not clear, and Kennedy stated in his deposition that the legal expenses were mostly incurred for this litigation. Aff. in Supp. Pl. Br. Summ. J., Exh. E (Kennedy Dep. Tr. 162).  Legal expenses included in the statements were:  $9,000 (2011), $51,735.85 (2012), $47,778.16 (2013), $14,600 (2014), $150 (2015), $15,475 (2016). *Id.*, Exh. I.

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **16** of **20**

Kennedy's own projections for 2017 predict rental income between $125,000 - $130,000, producing additional net income of approximately $65,000 – 70,000.[33]

An equitable lien is impressed to prevent unjust enrichment "where it would be contrary to equity and good conscience for an individual to retain a property interest acquired at the expense of another."[34] The record shows Kennedy will be unjustly enriched if he retains his interest in the Property unencumbered by Deutsche Bank's equitable mortgage. Deutsche Bank made expenditures on the mortgage on the Property which Kennedy benefited from when he purchased the property from Helene, one of the original mortgagors. Kennedy took the Property with notice of the pre-existing mortgage lien and paid no more than $10,500 in cash. He purchased the Property at a below bargain basement rate, has not paid a penny towards the mortgage over the past six years, while receiving net income of more than $130,000 between 2011 and 2016, and a projected $65,000 - $70,000 in income in 2017. Accordingly, I recommend the Court grant summary judgment in favor of Deutsche Bank.

Kennedy argues that Deutsche Bank has made misrepresentations about material facts in this case, including criticizing him for failing to make payments

---

[33] An estimated annual expense of $61,000 was calculated by averaging the operational annual expenses for the Property between 2011 and 2015; 2016 expenses were excluded because of the major renovations and repairs that were undertaken on the Property that year.

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **17** of **20**

on the mortgage and keeping rental income, and by not allowing him to enter into a modified mortgage loan agreement for the Property.[35]   Kennedy has not presented any factual basis to support his claims that Deutsche Bank has made misrepresentations, or that it breached any obligation to him concerning the mortgage loan on the Property.   There may have been discussions between Deutsche Bank and Kennedy about his interest in obtaining a mortgage loan but Kennedy has not presented evidence that a loan commitment was obtained, or that he is paying off the outstanding mortgage loan debt on the Property.

2. <u>Deutsche Bank's request for additional sanctions for Kennedy's discovery abuses</u>

Deutsche Bank has repeatedly sought relief and fees for Kennedy's failures to participate in discovery.   It filed a motion for sanctions against Kennedy on January 25, 2017 for his violation of the Court's order after Kennedy failed to appear for his deposition, which had been rescheduled on January 12, 2017 for the fourth time.[36] That motion asked that Kennedy be barred from opposing Deutsche Bank's position that he will be unjustly enriched absent enforcement of the mortgage; Kennedy be provided one more opportunity to appear for his deposition

---

[34] *Branca v. Branca*, 443 A.2d 929, 931 (Del. 1982).
[35] Def.'s Resp. Summ. J. at 7.
[36] Deutsche Bank's motion states that Kennedy was contacted on December 21 and 22, 2016 to schedule his deposition; he was noticed on January 5, 2017, and reminded on January 11, 2017,

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **18** of **20**

and, if he does not appear, a default judgment be entered; and the Court award fees and costs caused by Kennedy's failure to appear at his January 12th deposition. Subsequent to the filing of that motion, Kennedy provided documentation to the Court and Deutsche Bank indicating that he was hospitalized between December 17, 2016 and January 21, 2017. He was hospitalized during the various times that Deutsche Bank contacted him about the January 12th deposition, as well as on the actual date of the deposition. Kennedy appeared for his deposition on April 6, 2017.

In December 2016, Master Ayvazian awarded Deutsche Bank fees and costs for previous efforts to secure Kennedy's deposition. I recommend the Court deny Deutsche Bank's motion for sanctions filed on January 25, 2017 because problems with Kennedy's deposition were remedied by Master Ayvazian's December 21, 2016 order, which also awarded attorneys' fees and expenses associated with Kennedy's previous failures to appear for his deposition. Kennedy's failure to attend his deposition on January 12, 2017 deposition was understandable since he was hospitalized at that time. Further, Kennedy did appear for his deposition on April 6, 2017.

---

about his January 12, 2017 deposition. Kennedy did not respond to any of these communications and did not appear at the January 12th deposition. D.I. 80.

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **19** of **20**

In addition, Deutsche Bank's April 17, 2017 motion for default judgment or, in the alternative, for summary judgment requests that it be awarded costs, expenses, and attorneys' fees incurred "in connection with Kennedy's discovery abuses, and his failure to comply with the discovery orders entered by the Court."[37]

Master Ayvazian already addressed Kennedy's deficiencies in his responses to Deutsche Bank's interrogatories and for production of documents on January 24, 2017. She awarded Deutsche Bank its related fees and costs. Kennedy eventually completed his document production on April 21, 2017.[38]

Since attorneys' fees and costs for Kennedy's discovery deficiencies were addressed, for the most part, through the Court's award of fees and costs associated with Deutsche Bank's two motions to compel, I recommend the Court deny Deutsche Bank's request for additional fees and costs related to Kennedy's discovery abuses.

## CONCLUSION

For the foregoing reasons, I recommend that the Court grant summary judgment against Kennedy and in favor of Deutsche Bank. Since this case will be decided on summary judgment, I recommend that the Court decline to address Deutsche Bank's motion for default judgment based upon Kennedy's discovery

---

[37] Pl.'s Mot. for Def. J., or in the Alternative, for Summ. J. at 10.

*Deutsche Bank National Trust Company, As Trustee for WaMu Mortgage*
*Pass-Through Certificates Series 2006-AR3 Trust, Assignee of Washington*
*Mutual Bank, F.A. v. Helene Hines, Jeffrey Hines and George Edward Kennedy*
C.A. No. 10361-MG
November 21, 2017
Page **20** of **20**

abuses. Further, I recommend the Court deny both Deutsche Bank's January 25, 2017 motion for sanctions and its request for additional fees and costs associated with Kennedy's discovery abuses in its April 17, 2017 motion for default judgment or, in the alternative, for summary judgment.

I am waiving the filing of a draft report and designating this as my final report. Exceptions may be taken pursuant to Court of Chancery Rule 144. Further, with the issuance of this final report, exceptions may also be taken on my August 9, 2017 draft report vacating the default judgment entered on May 19, 2017.

Very truly yours,

/s/ Patricia W. Griffin

Patricia W. Griffin
Master in Chancery

PWG/kekz

---

[38] Def.'s Resp. Summ. J. at 11.