# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| SHARON DELUCA and<br>DONALD DELUCA, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No.: N17C-06-209 ALR |
| | ) | |
| HYATT CORPORATION; | ) | |
| HYATT HOTELS CORPORATION; | ) | |
| HYATT ARUBA N.V.; and | ) | |
| ARUBA BEACHFRONT RESORTS | ) | |
| LIMITED PARTNERSHIP, | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: January 11, 2019
Decided: February 6, 2019

***Upon Defendants' Hyatt Corporation and Hyatt Hotels Corporation
Motion for Summary Judgment***
**DENIED WITHOUT PREJUDICE**

## ORDER

This is a personal injury case alleging a trip and fall incident. Upon consideration of the Motion for Summary Judgment filed by Defendants Hyatt Corporation and Hyatt Hotels Corporation ("Moving Defendants"); the opposition thereto filed by Plaintiffs Sharon DeLuca and Donald DeLuca ("Plaintiffs"); the facts, arguments, and legal authorities set forth by the parties; the Superior Court Civil Rules; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. On June 17, 2017, Plaintiffs initiated this negligence action against Moving Defendants, seeking to recover damages for injuries arising from a trip and fall incident that allegedly occurred on December 8, 2015, at the Hyatt Regency Aruba Resort Spa and Casino in Palm Beach, Aruba ("Resort"). With leave of the Court and no opposition by Moving Defendants, Plaintiffs filed an Amended Complaint on December 18, 2018, adding Hyatt Aruba N.V. and Aruba Beachfront Resorts Limited Partnership as additional defendants.

2. Plaintiffs allege that Sharon DeLuca suffered significant injuries which required surgery when she tripped and fell as a result of a dangerous defect at the Resort. Plaintiffs are seeking damages for personal injuries, pain and suffering, medical expenses, lost wages and loss of consortium.

3. On December 13, 2018, Moving Defendants filed the Motion for Summary Judgment that is currently before the Court. Moving Defendants argue that they are entitled to judgment as a matter of law on the grounds that Moving Defendants are parent companies that cannot be held liable for the acts or negligence of their subsidiaries.

4. On January 11, 2019, Plaintiffs filed a response in opposition to the Motion for Summary Judgment, contending that the motion is premature as the record is incomplete and discovery is ongoing, especially with respect to the parent and subsidiary relationships.

5.     Summary judgment may be granted only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1]  The moving party bears the initial burden of proof and, once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2]  At the motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]  Summary judgment is only appropriate if Plaintiffs' claims lack evidentiary support such that no reasonable jury could find in their favor.[4]  Summary judgment will not be granted if the record indicates that there is a material fact in dispute, or if further inquiry into the facts would be appropriate in order to clarify the application of the law to the circumstances.[5]

6.     The Court is not satisfied at this early stage that Moving Defendants are entitled to judgment as a matter of law.  An unresolved issue of material fact remains as to Moving Defendants' relationships to the other parties named as defendants in this matter.

---

[1] Super. Ct. Civ. R. 56.
[2] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).
[3] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).
[4] *Hecksher v. Fairwinds Baptist Church, Inc.*, 115 A.3d 1187, 1200–05 (Del. 2015); *Edmisten v. Greyhound Lines, Inc.*, 2012 WL 3264925, at *2 (Del. Aug. 13, 2012).
[5] *Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *Bracken-Bova v. Liberty Mut. Fire Ins. Co.*, 2011 WL 5316600, at *1 (Del. Super. Oct. 7, 2011).

**NOW, THEREFORE,** this 6th day of February, 2019, the Motion for Summary Judgment filed by Defendants Hyatt Corporation and Hyatt Hotels Corporation is hereby **DENIED** without prejudice.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

**The Honorable Andrea L. Rocanelli**