# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ECO-MAIL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. N23C-09-194-JRJ |
| | ) | |
| FIRSTSOURCE HEALTH PLANS | ) | |
| AND HEALTH SERVICES, LLC | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted:  June 21, 2024
Date Decided:  August 8, 2024

## **ORDER**

Upon consideration of Plaintiff Eco-Mail, Inc.'s ("Eco-Mail") Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment,[1] Defendant Firstsource Health Plans and Health Services, LLC's ("Firstsource") Motion for Partial Summary Judgment[2]; the responses to both cross-motions thereto; and the record in this case, **IT APPEARS THAT:**

(1)     On February 9, 2022, Eco-Mail and Firstsource entered into a Master Services Agreement ("MSA") in which Eco-Mail would provide "digital mail delivery and management cloud-based software and/or services" to Firstsource's

---

[1] Pl.'s Mot. for Summ. J., or in the Alternative, Partial Summ. J., Trans. ID 72510164 (Mar. 13, 2024) ("Pl.'s Mot. for Summ. J.").
[2] Def.'s Mot. for Partial Summ. J., Trans. ID 72788689 (Apr. 19, 2024).

clients.[3]  On June 23, 2023, Eco-Mail and Firstsource executed a Reseller Sales Order ("RSO") concerning the resale of Eco-Mail's services to Firstsource's client, Caresource.[4]

(2)    The RSO contained an initial service term of three years from the "Go Live Date" which was anticipated to occur in October 2023, and included annual service fees amounting to $78,000 and one-time service fees amounting to $45,000 ("Initial Fees").[5]  These fees were due and payable upon execution of the RSO while the remaining Annual Subscription Fees ($78,000/year or $156,000 total for years 2 and 3) were due and payable no earlier than a year after the Go Live Date.[6]  Firstsource failed to pay Eco-Mail the Initial Fees or any subsequent fee associated with the MSA and RSO.[7]

(3)    On March 13, 2024, Eco-Mail filed a Motion for Summary Judgment, or in the Alternative, Partial Summary Judgment ("Eco-Mail's Motion for Summary Judgment"), arguing that Firstsource repudiated the contract, and Eco-Mail is entitled to the entire sum of the contract, including the fees for years 2 and 3.[8]

(4)    Firstsource filed a Cross-Motion for Partial Summary Judgment on April 19, 2024, in which it argues the fees for years 2 and 3 were not payable until

---

[3] *Id.*
[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Pl.'s Mot. for Summ. J.
[8] *Id.*

the Go Live Date, and because the Go Live Date was never reached, Eco-Mail is not entitled to them.[9]

(5)     Both Eco-Mail and Firstsource submitted oppositions to the cross-summary judgment motions and replies to those oppositions.[10]

(6)     On June 21, 2024, the Court held oral argument on the cross-motions for summary judgment and reserved its decision.[11]  The Court decides the matter now.

(7)     Superior Court Civil Rule 56(c) allows the Court to grant summary judgment in a movant's favor so long as the moving party demonstrates there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[12]  In contract interpretation cases, a court will grant summary judgment either "when the contract in question is unambiguous, or when the extrinsic evidence in the record fails to create a triable issue of material fact and judgment as a matter of law is appropriate."[13]

---

[9] Def.'s Mot. for Partial Summ. J.

[10] *See* Pl.'s Opp'n to Def.'s Mot. for Partial Summ. J., Trans. ID 72891772 (May 3, 2024); Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J., Trans. ID 72891950 (May 3, 2024); Pl.'s Reply in Supp. of its Mot. for Summ. J., Trans. ID 73027071 (May 10, 2024); Def.'s Reply to Pl.'s Opp'n, Trans. ID 73027570 (May 20, 2024).

[11] June 21, 2024 Oral Arg., Trans. ID 73453593 (June 21, 2024).

[12] Super. Ct. Civ. R. 56(c); *Ebersole v. Lowengrub*, 180 A.2d 467, 469-70 (Del. 1962).

[13] *GRT, Inc. v. Marathon GTF Technology, Ltd.*, 2012 WL 2356489, at *4 (Del. Chan. June 21, 2012) (citations omitted).

(8)    Both parties agree that Firstsource did not perform under the contract.[14] The issues before the Court are whether Firstsource repudiated the contract, if so, the type of repudiation, and what damages, if any, Firstsource owes to Eco-Mail.

(9)    Eco-Mail seeks summary judgment on the basis that Firstsource admits the MSA and RSO are valid contracts and Firstsource repudiated the contract without cause to terminate or repudiate, entitling Eco-Mail to damages in the amount of the full contract price.[15]  Alternatively, Eco-Mail requests the trial be limited to damages.[16]  Firstsource opposes Eco-Mail's motion for summary judgment, arguing that Eco-Mail was unable to comply with all the applicable laws and regulation as required under the contract and that, even if Firstsource repudiated, it was excused from performing because Eco-Mail would not have met its contractual information security protection requirements.[17]

(10)   A party's repudiation of a contract is an outright refusal to comply to the terms of the contract or perform its conditions.[18]  A party may repudiate without prejudice to later contend that it was excused from performing because the non-repudiating party could not have performed their obligations under the contract.[19]

---

[14] Pl.'s Mot. for Summ. J.; Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J.
[15] Pl.'s Mot. for Summ. J.
[16] *Id.*
[17] Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J.
[18] *Premium Choice Ins. Services v. Innovative Financial Group Holdings*, LLC, 2024 WL 3334917, at *6 (Del. Super. July 9, 2024).
[19] *HIFN, Inc. v. Intel Corp.*, 2007 WL 1309376, at *16 (Del. Chan. May 2, 2007).

4

(11)    When a promisor repudiates a contract, the promisee may "treat the contract as terminated."[20]    When a party is confronted with repudiation, the party may respond one of three ways: either the party may (i) elect to treat the contract as terminated, (ii) request the repudiating party perform, or (iii) ignore the repudiation.[21]    Thus, "whether repudiation amounts to a present breach is predicated on the promisee's response."[22]

(12)    Eco-Mail treats Firstsource's repudiation as a total breach.[23]    "A party who is a victim of a wrongful repudiation is ordinarily entitled to damages for breach of the contract because, in the absence of repudiation, the party would have performed under the contract and would have received the benefits of its bargain."[24]

(13)    The Court first looks at the issue of liability before reaching the damages portion of the motions for summary judgment.    In the emails exchanged between Firstsource and Eco-Mail, Firstsource states, "Firstsource . . . will not be utilizing [Eco-Mail] for the Caresource project at this time."[25]    It is undisputed that Firstsource told Eco-Mail it would no longer be honoring the contract by utilizing Eco-Mail's services.    While the contract contains a "Cancellation for Cause" clause,

[20] *W. Willow-Bay Ct., LLC v. Robino-Bay Ct. Plaza, LLC*, 2009 WL 458779, at *5 (Del. Chan. Feb. 23, 2009).
[21] *W. Willow-Bay*, 2009 WL 458779, at *5 (internal citations omitted).
[22] *Id.*
[23] *See* Pl.'s Mot. for Summ. J.
[24] *Frontier Oil v. Holly Corp.*, 2005 WL 1039027, at *32 (Del. Ch. Apr. 29, 2005).
[25] Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J., Ex. 1.

it is undisputed that Firstsource did not comply with the express requirements of that clause.[26] Because there is no genuine issue of material fact that Firstsource repudiated the contract, Eco-Mail is entitled to summary judgment on this basis as a matter of law.

(14) The next question is the type of repudiation that occurred. Firstsource argues that it does not matter if the Court finds it repudiated or affirmatively canceled the contract because Eco-Mail indicated it was unable to perform its obligations under the contract.[27] In reviewing Eco-Mail's Motion for Summary Judgment regarding liability, and viewing the facts in the light most favorable to Firstsource, the non-moving party, a genuine issue of material fact exists with regard to whether Eco-Mail could have complied with the security measures required by the contract prior to the Go Live Date.[28] There has been no discovery on this issue.

(15) Thus, although the Court finds Firstsource repudiated the contract, it will not address Eco-Mail's damages at this juncture because the damages depend on the type of repudiation that occurred which cannot be determined without discovery. The type of repudiation will determine the liability. Therefore, summary judgment is **GRANTED IN PART.**

---

[26] The MSA states, "A Party may terminate for cause upon 30 days written notice (15 business days in the event of non-payment) to the other Party of a material breach of this Agreement if such breach remains uncured at the expiration of such notice period . . ." Pl.'s Mot. for Summ. J., Ex. 2.

[27] Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J.

[28] *Id.*

(16)   The parties disagree on the amount of the damages Eco-Mail is entitled to under the contract.  Eco-Mail argues it should be entitled to the entirety of the contract, including expectation damages for the remaining three-year agreed-upon term.[29]  Firstsource argues it should be entitled to partial summary judgment because the limited liability provision does not allow Eco-Mail to recover for amounts payable for years 2 and 3 of the contract.[30]

(17)   Should Firstsource found to have committed complete repudiation, it will not be able to claim the benefits of a contract that it repudiated.[31]  Under Delaware law, "repudiation is an outright refusal by a party to perform a contract or its conditions entitling 'the other contracting party to treat the contract as rescinded.'"[32]  Should the Court find there has been a complete repudiation, Firstsource will not be able to resurrect the Limited Liability Provision to shield itself with the contract that it repudiated.  Consequently, the amount of damages Eco-Mail can recover is dependent upon the type of repudiation Firstsource committed.  The Court need not delve into the intricacies of the contract Firstsource repudiated at this time.

---

[29] Pl.'s Mot. for Summ. J.
[30] Id.
[31] Barra v. Adams, 1994 WL 369532, at *4 (Del. Chan. July 1, 1994) ("Having unequivocally repudiated the Agreement, the defendant[] cannot now be heard to claim its benefits.").
[32] CitiSteel USA, Inc., v. Connell Ltd. Partnership, 758 A.2d 928, 931 (Del. 2000) (quoting Sheehan v. Hepburn, 138 A.2d 810, 812 (Del. Ch. 1958)).

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment is **GRANTED IN PART** and Defendant's Motion for Partial Summary Judgment is **DENIED.**

**IT IS SO ORDERED**.

/s/ Jan R. Jurden

Jan R. Jurden, President Judge

cc: Prothonotary

8