# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| HOMESTAR REMODELING, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. N23L-12-050 JRJ |
| | ) | |
| SHARON MITCHELL and | ) | |
| LEONARD WATSON | ) | |
| | ) | |
| Defendants. | ) | |

Date Submitted:  July 31, 2024
Date Decided:  August 13, 2024

## ORDER

Upon consideration of Plaintiff HomeStar Remodeling, LLC's ("HomeStar") Motion for Summary Judgment ("Motion"),[1] Defendants', Sharon Mitchell and Leonard Watson (collectively "Defendants"), July 31, 2024 Affidavit[2]; and the record in this case, **IT APPEARS THAT:**

(1)    On August 27, 2023, HomerStar and Defendants entered into a contract for roofing work to be performed on Defendants' residence located at 509 Marsh Road, Wilmington, DE 19809 (the "Property").[3]   The contract—which both parties

---

[1] Pl.'s Mot. for Summ. J., Trans. ID 73435282 (June 19, 2024).
[2] July 31, 2024 Affidavit, Trans. ID 73858957 (July 31, 2024).
[3] Compl., Ex. A, Trans. ID 7162530 (Dec. 27, 2023).

signed—is for roofing work with an agreed upon price of $13,964.00 payable upon completion of the work.[4]

(2) On July 10, 2023, HomeStar completed the roofing work, and some siding installation, at the Property.[5]

(3) On December 27, 2023, HomeStar filed the Complaint, claiming it is owed the entire price of the contract ($13,964.00) plus a 1.5% financing charge.[6] HomeStar brings four claims, pled in the alternative: a mechanic's lien, breach of contract, quantum meruit, and conversion.[7]

(4) When Defendants did not respond to the Complaint, HomeStar filed a motion for default judgment against them which was scheduled (and noticed) to be heard via Zoom on March 6, 2024.[8] Defendants did not attend the Zoom hearing, and the Court entered default judgment against them at the hearing.[9] After the Zoom hearing concluded, Defendants showed up in the courthouse for the hearing, so the Court vacated the default judgment order and gave Defendants until March 22, 2024 to respond to the Complaint.[10]

---

[4] *Id.*
[5] Compl. ¶ 6.
[6] *Id.* ¶ 7.
[7] *Id.*
[8] Letter to Counsel, Trans. ID 72298357 (Mar. 7, 2024).
[9] *Id.*
[10] *Id.*

2

(5)   On March 21, 2024, Defendants filed a response to HomeStar's Complaint entitled "Affidavit" ("First Affidavit").[11] In the First Affidavit, Defendants claim they did not agree to any of the siding work that HomeStar performed,[12] the work performed was faulty, and "[countersue] for another roof to be done the right way" and damages to the home as a result of HomeStar's unsatisfactory work.[13]

(6)   HomeStar filed the instant Motion for Summary Judgment on June 19, 2024, arguing that Defendants' June 21, 2024 Affidavit fails to set forth any defenses to Defendants' claims,[14] and it is entitled to summary judgment because the parties agreed to the contract, HomeStar completed the work, the total amount is $13,964.00, and Defendants failed to pay the agreed upon amount.[15]

(7)   In response to the Motion, on July 31, 2024, Defendants filed another Affidavit ("Second Affidavit"), claiming they signed the contract in reliance upon HomeStar's representations that Defendants could dispute the amount should they be unsatisfied with the work following the installation of the roof, and that Defendants never agreed to any siding work, the workers were not licensed, and a

---

[11] March 21, 2024 Affidavit, Trans. ID 72577477 (Mar. 21, 2204).  The Court takes Defendants' "Affidavit" to be Defendants' Answer to the Complaint. *Id.*
[12] *Id.*
[13] *Id.*
[14] Pl.'s Mot. for Summ. J.
[15] *Id.*

License and Inspection inspector looked at the roof following HomeStar's work and found it was deficient.[16]

(8)  Superior Court Civil Rule 56(c) allows the Court to grant summary judgment in a movant's favor so long as the moving party demonstrates there is "no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."[17]  In contract interpretation cases, a court will grant summary judgment either "when the contract in question is unambiguous, or when the extrinsic evidence in the record fails to create a triable issue of material fact and judgment as a matter of law is appropriate."[18]

(9)  HomeStar has met the requirements of pleading a mechanic's lien under 25 *Del C*. § 2712, and it is timely.[19]  While Defendants argue they are unhappy with the quality of the work, they do not provide a valid defense to the properly pled mechanic's lien.[20]  As such, there is not material factual dispute and HomeStar is entitled to judgment as a matter of law.  Because the Court finds summary judgment is granted for HomeStar's claim for a mechanic's lien, it need not address the other claims pled in the alternative.

---

[16] July 31, 2024 Affidavit.
[17] Super. Ct. Civ. R. 56(c); *Ebersole v. Lowengrub*, 180 A.2d 467, 469-70 (Del. 1962).
[18] *GRT, Inc. v. Marathon GTF Technology, Ltd.*, 2012 WL 2356489, at *4 (Del. Chan. June 21, 2012) (citations omitted).
[19] Compl.; 25 *Del. C*. § 2712.
[20] July 31, 2024 Affidavit.

**THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment **GRANTED.**

**IT IS SO ORDERED**.

    /s/ Jan R. Jurden
Jan R. Jurden, President Judge

cc: Prothonotary