**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

TASHA BROWN,         )
                                  )
     Plaintiff,         )
                                  )
     v.                  )     C.A. No. N25C-02-416 SPL
                                  )     C.A. No. N25C-02-417 SPL
NEW CASTLE COUNTY     )
HOUSING AUTHORITY,     )
                                  )
     Defendant.     )

## ORDER

Upon consideration of Plaintiff Tasha Brown's ("Brown") Complaints,[1] Defendant New Castle County Housing Authority's ("NCCHA") Motions to Dismiss,[2] Brown's Response to those motions,[3] and the parties' oral arguments,[4] it appears to the Court that:

## BACKGROUND

1.    In two separate cases, Brown filed identical complaints. However, the Case Information Statements filed contemporaneously with the complaints note

---

[1] D.I. 1 (Compl.). As discussed below, Brown's complaints in both N25C-02-416 and N25C-02-417 are identical with the only distinction being the nature of the claim advanced (personal injury and property damage). The docket items in each case are also identical.

[2] D.I. 7 ("Def. Mot.").

[3] D.I. 8 ("Pl. Resp.").

[4] D.I. 10.

different claims; the case ending in [-416] asserts a "personal injury" claim, and the case ending in [-417] asserts a "property damage" claim. The Court addresses both of Brown's complaints against the NCCHA in this Order.[5]

2.      Brown alleges NCCHA improperly inspected her home, and, as a result, she lived with mold, rodents, and bugs since March 2024.[6]  Brown asserts the animals in her home have caused her to miss work and suffer "traumatic experiences," including bites, sleepless nights, and loud noises.[7]  And, she alleges the presence of mold has caused Brown and her children health problems.[8]  Brown

---

[5] Superior Court Civil Rule 42 permits the Court to consolidate actions and enter orders in consolidated matters to avoid unnecessary cost or delay.  Super Ct. Civ. R. 42(a).  Rule 42 "give[s] the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Olson v. Motiva Enterprises, L.L.C.*, 2003 WL 21733137, at *4 (Del. Super. Ct. July 22, 2003).  In deciding whether to consolidate the actions, the Court must "weigh any savings of time, effort or cost against the possibility of undue prejudice or confusion of the issues." *Whaley v. Nationwide Mut. Ins. Co.*, 2014 WL 637868, at *1 (Del. Super. Ct. Feb. 10, 2014).  "Consolidation is appropriate if the likelihood of jury confusion or undue prejudice does not outweigh judicial economy and efficiency." *Id.*  Whether to consolidate Brown's complaints requires a two-step analysis: (1) do the complaints present common issues of law, fact, or both; and (2) is there a savings in time, effort, and cost. *Henry v. Aaron's Logistics*, 2020 WL 7252979, at *1 (Del. Super. Ct. Dec. 10, 2020).  Consolidation is appropriate here and doing so injects no undue prejudice. *See Id.*

[6] Compl.

[7] *Id*.

[8] *Id*.

contends that "the home should have never been able to be occupied by anyone without it passing the proper inspection(s)."[9]

3. NCCHA responded by moving to dismiss Brown's complaint under Rule 12(b)(6).[10] NCCHA asserts Brown's complaint does not state a cause of action against it because the NCCHA is not Brown's landlord.[11] NCCHA contends it is "generally accepted that landlord is liable to tenant when breaching an obligation under the lease."[12] And, although NCCHA executed a Housing Assistance Payment contract with Brown, under that agreement, the NCCHA did "not have any liability to any party."[13] Last, NCCHA asserts, to the extent NCCHA could be viewed to have some responsibility in Brown's dispute with her landlord, Brown's claims are barred under the County and Municipal Tort Claims Act ("CMTCA").[14]

## STANDARD OF REVIEW

4. Delaware Superior Court Civil Rule 12(b)(6) governs a motion to dismiss for failure to state a claim upon which relief can be granted.[15] Under Rule

---

[9] *Id.*

[10] *See* Def. Mot.

[11] *Id.* ¶ 4.

[12] *Id.*

[13] *Id.*

[14] *Id.* ¶¶ 5-6.

[15] Super. Ct. Civ. R. 12(b)(6).

12, when "matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."[16] NCCHA attached three exhibits to its motion: Brown's Housing Assistance Payment Contract, Brown's lease agreement (with non-party landlord), and the agreement under which NCCHA assists Brown with her housing payments.[17] The Court has considered these exhibits and will treat NCCHA's motion as one for summary judgment.

5.   Under Superior Court Civil Rule 56, summary judgment will be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[18] On a motion for summary judgment, this Court "(i) construes the record in the light most favorable to the non-moving party; (ii) detects, but does not decide, genuine issues of material fact; and (iii) denies the motion if a material fact is in dispute."[19] Summary judgment will not be granted where there exists a material fact in dispute

---

[16] Super. Ct. Civ. R. 12(b).

[17] Def. Ex. 1-3.

[18] Super. Ct. Civ. R. 56(c).

[19] *US Dominion, Inc. v. Fox News Network, LLC,* 2023 WL 2730567, at *17 (Del. Super. Ct. Mar. 31, 2023) (quoting *CVR Refin., LP v. XL Specialty Ins. Co.*, 2021 WL 5492671, at *8 (Del. Super. Ct. Nov. 23, 2021) (cleaned up)).

or if it "seems desirable to inquire thoroughly into [the facts] in order to clarify the application of the law to the circumstances."[20]

## ANALYSIS

6. Though the Court affords some leeway to self-represented litigants, "there is no different set of rules for *pro-se* plaintiffs."[21] The Court recognizes the challenges faced by *pro se* litigants, but it cannot "sacrifice the orderly and efficient administration of justice to accommodate the unrepresented plaintiff"[22] or impair "the substantive rights of those parties involved in the case at bar."[23]

7. Brown complains of poor living conditions in her rental property and pursues recourse against the NCCHA. Where a tenant seeks legal action for the habitability of their living premises, the tenant's action lies against the tenant's landlord under Delaware's Landlord-Tenant Act.[24] And, the claims are generally guided by the contract between landlord and tenant.[25] Here, the NCCHA is not a

---

[20] *Ebersole v. Lowengrub*, 180 A.2d 467, 468-69 (Del. 1962).

[21] *Anderson v. Tingle*, 2011 WL 3654531, at *2 (Del. Super. Ct. Aug. 15, 2011) (citing *Draper v. Med. Ctr. of Del.*, 767 A.2d 796, 799 (Del. 2001)).

[22] *Damiani v. Gill*, 2015 WL 4351507, at *1 (Del. July 14, 2015) (citing *Draper*, 767 A.2d at 799); *see also*, *Sloan v. Segal*, 2008 WL 81513, at *7 (Del. Ch. Jan. 3, 2008) (cleaned up) ("[S]elf representation is not a blank check for defect.").

[23] *Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002).

[24] *See* 25 *Del. C.* § 5101(c).

[25] *See Brown v. Robyn Realty Co.*, 367 A.2d 183, 189 (Del. Super. Ct. 1976) ("[it] is generally accepted that where the landlord has breached an obligation under the lease, he may be found liable to the tenant for damages.")

party to Brown's Residential Lease Agreement and does not function as Brown's landlord. Therefore, Brown may not recover against NCCHA for claims brought under the Landlord-Tenant Act.

8. Further, under the CMTCA, "all governmental entities and their employees shall be immune from tort actions seeking damages subject to limited exceptions."[26] The NCCHA is a "governmental entity" under the Act.[27] Under the Act, the NCCHA's discretionary acts are subject to immunity from suit.[28] "Discretionary acts are those which require some determination or implementation which allows a choice of methods, or, differently stated, those where there is no hard and fast rule as to course of conduct."[29] NCCHA's property inspection required discretion in evaluating the property; the inspection falls squarely within the definition of a "discretionary act" rendering NCCHA immune from suit.

9. Finally, none of the CMTCA's exceptions to immunity apply. Under the Act, the NCCHA would not be immune from suit, and would be exposed to civil liability, where its negligence is alleged to have caused property damage or bodily injury "in [NCCHA's] construction, operation or maintenance of any public

---

[26] 10 *Del. C.* § 4011(a).

[27] *See* 10 *Del. C.* § 4010(2).

[28] 10 *Del. C.* § 4011(b)(3).

[29] *In re COVID-Related Restrictions on Religious Servs.*, 326 A.3d 626, 646 (Del. 2024).

building."[30]  But, it is not the NCCHA that owns, operates, or maintains Brown's home, and no immunity exception applies here.

10.  This decision should not be read to minimize Brown's plight.  Rather, NCCHA is simply not the proper Defendant.  Viewing the complaint in the light most favorable to Brown, she has not made factual allegations that would entitle her to recover from the NCCHA, nor does there exist any genuine dispute of material fact.  NCCHA's motion to dismiss is **GRANTED**.

**IT IS SO ORDERED**

*/s/ Sean P. Lugg*
Judge

---

[30] 10 *Del. C.* § 4012(2).